IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 17  P 2: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| EUNICE and ROBERT McKINNES,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.;<br>AMERICAN GENERAL CORPORATION;<br>AMERICAN GENERAL FINANCE, INC.;<br>AMERICAN GENERAL FINANCIAL<br>SERVICES OF ALABAMA, INC.; AMERICAN<br>GENERAL FINANCE CORPORATION;<br>MERIT LIFE INSURANCE COMPANY;<br>YOSEMITE INSURANCE COMPANY; LISA<br>WOOD; CONNIE FARMER; and Fictitious<br>Defendants "A", "B", and "C", whether singular<br>or plural, those other persons, corporations,<br>firms, or other entities whose wrongful conduct<br>caused the injuries and damages to the Plaintiff,<br>all of whose true and correct names are unknown<br>to Plaintiffs at this time, but will be substituted<br>by amendment when ascertained,<br><br>Defendants. | CIVIL ACTION NO. 2:06cv41-WKW |

## NOTICE OF REMOVAL

**COME NOW** Defendants American General Financial Services of Alabama, Inc., in and of itself and as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, hereby give notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. Though not represented by the undersigned counsel, defendants American International Group, Inc. and American General

1425436

Corporation have confirmed their desire to join in this Notice of Removal. Defendants American General Finance Corporation, Lisa Wood and Connie Farmer have not, upon information and belief, been properly served with the summons and Complaint, and as a result, their joinder in the removal is not required. In addition to removing this matter, to the extent the parties entered in to contracts that contained agreements to arbitrate their claims, Defendants specifically reserve the right to seek arbitration of Plaintiffs' claims pursuant to 9 U.S.C. § 1, *et seq.* As grounds for this removal, Defendants state as follows:

## I. INTRODUCTION

1. This action was commenced on or about December 14, 2005, by the filing of a Complaint — Civil Action No. CV-05-089 — in the Circuit Court of Barbour County, Alabama, a court within this judicial district and division. In their Complaint, Plaintiffs allege that the Defendants misrepresented the optional nature of credit insurance, the financial benefits of purchasing such insurance, and the financial benefits of refinancing prior debt with respect to loans they obtained on or about November 23, 1994 and July 25, 2002.

2. The first Defendant was served with a copy of the summons and complaint on December 15, 2005. Therefore, this Notice of Removal is timely filed. True and correct copies of all pleadings, process and orders served upon Defendants are attached hereto as Exhibit "A".

## GROUNDS FOR REMOVAL

### I. DIVERSITY JURISDICTION

3. The present action is properly removable under 28 U.S.C. § 1441, which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of

the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought.

4. This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

### A. Citizenship of the Parties

5. There is a complete diversity of citizenship between Plaintiffs and all Defendants who have been properly joined and served in this action.

6. Plaintiffs allege that they are citizens of the State of Alabama.

7. Defendant American International Group, Inc. ("AIG") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in New York, New York. Defendant AIG, therefore, is a citizen of the States of Delaware and New York.

8. Defendant American General Corporation ("AGC") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas. Defendant AGC, therefore, is a citizen solely of the State of Texas.

9. American General Financial Services of Alabama, Inc. ("AGFSI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Evansville, Indiana. Defendant AGFSI, therefore, is a citizen of the States of Delaware and Indiana.

10. American General Finance Corporation ("AGFC") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. AGFC, therefore, is a citizen solely of the State of Indiana.

11. Defendant Merit Life Insurance Co. ("Merit") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant Merit, therefore, is a citizen solely of the State of Indiana.

12. Defendant Yosemite Insurance Company ("Yosemite") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant Yosemite, therefore, is a citizen solely of the State of Indiana.

13. The citizenship of Connie Farmer and Lisa Wood is unknown, but, even assuming arguendo that they are citizens of the State of Alabama as alleged by Plaintiffs, their citizenship should be disregarded by virtue of their fraudulent joinder in the present action.

B. **Fraudulent Joinder of Connie Farmer and Lisa Wood**

14. Though diversity jurisdiction generally mandates that "every plaintiff . . . be diverse from every defendant," Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996), federal courts in Alabama have specifically held that "[w]hen a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction." Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1256 (M.D. Ala. 2001) (citing Tapscott, 77 F.3d at 1360). Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

15. As demonstrated above, Plaintiffs' claims against Connie Farmer and Lisa Wood are predicated upon alleged misrepresentations made by said Defendants. Under Alabama law, however, it is well settled that misrepresentation claims require a showing that the plaintiff reasonably relied on the alleged misrepresentation(s). See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). Under this reasonable reliance standard, "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then the plaintiff's reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).

16. In the present action, Plaintiffs received documents in connection with their loan transactions from which, with the exercise of ordinary care, they would have discovered the information allegedly misrepresented. Thus, any reliance by Plaintiffs on Connie Farmer and Lisa Wood's alleged misrepresentations is unreasonable, and, accordingly, Plaintiffs have no possibility of recovery against said Defendants.

17. Moreover, Connie Farmer and Lisa Wood have been fraudulently joined because the claims asserted against said Defendants are time-barred by the applicable two (2) year statute of limitations. Federal courts in Alabama have consistently held that in such a situation, non-diverse Defendants are deemed to be fraudulently joined. See e.g. Sealey v. Citigroup, Inc., CV 03-B-3003-W, slip op. at 6 (N.D. Ala. Aug. 31, 2004); Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); Bullock, 165 F. Supp. 2d at 1258; Fowler, 256 F. Supp. 2d at 1246; Whitlock v. Jackson Nat'l Life Ins. Co., 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998); Levett v. Indep. Life & Acc. Ins. Co., 814 F. Supp. 1053, 1058 (M.D. Ala. 1993).

18. Similarly, federal courts in Mississippi applying similar standards to identical claims have also found fraudulent joinder and exercised diversity jurisdiction under these circumstances. See Boone v. Citigroup, Inc. 416 F.3d 382 (5th Cir. 2005); McDonal v. Abbott Laboratories, 408 F.3d 177 (5th Cir. 2005); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004); Ross v. CitiFinancial, Inc., 344 F.3d 458 (5th Cir. 2003), r'hng en banc denied, Jan. 25, 2005 (nos. 02-60608 & 02-60609); see also Andrus v. Ellis, 887 So.2d 175 (Miss. 2004)(finding similar consumer finance claims time-barred); Clay Rodgers v. American General Finance, Inc. et al.; In the Circuit Court of Holmes County, Mississippi; Civil Action No. 2001-213; Supreme Court of Mississippi; Case No. 2004-M-1617-SCT (Oct. 14, 2004)(same).

19. Lastly, Plaintiffs have failed to properly serve Connie Farmer and Lisa Wood with process, providing further evidence that they named said Defendants in the present action solely to defeat diversity jurisdiction. Such failure to attempt service of process is indicative of fraudulent joinder where it suggests a general intent not to proceed against the non-diverse defendants. See Morgan v. Estate of Bill Cook, 180 F.Supp.2d 1301, 1304 (M.D. Ala. 2001) (finding that fraudulent joinder may exist where a plaintiff's failure to serve in-state defendants and other evidence suggest an intent to abandon the claims against said parties); Mask v. Chrysler Corp., 825 F.Supp. 285, 289 (N.D. Ala. 1993). Given their failure to properly serve Connie Farmer and Lisa Wood with process, Plaintiffs clearly have no intention of proceeding against said Defendants.

20. Based on the foregoing, Connie Farmer and Lisa Wood have been fraudulently joined in the present action, and their citizenship should be disregarded for purposes of determining diversity jurisdiction. As such, there is complete diversity of citizenship between Plaintiff and all Defendants who have been properly joined and served in the present action.

C.  **The Amount In Controversy Requirement is Satisfied in the Present Action.**

21.  The amount in controversy in the present action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiffs' refusal to specify damages.  In their Complaint, Plaintiffs allege that they have suffered monetary damages, that they "have suffered mental anguish and emotional distress," and that they "have otherwise been injured and damaged." (Plaintiff's Complaint, ¶ 28).  Based on these alleged injuries, Plaintiffs seek a "judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs." (Id.) Because Plaintiffs seek an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

22.  With that said, it bears noting that punitive damages awarded in Alabama fraud actions often exceed $75,000.  See e.g. Jeter v. Orkin Exterminating Co., supra, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); Johns v. A.T. Stephens Enterprises, Inc., 815 So. 2d 511 (Ala. 2001) ($150,000 punitive damage award in conspiracy to convert matter); Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner, 809 So. 2d 808 (Ala. 2001) ($200,000 punitive damage award in fraud and outrage matter); New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); Sparks v. Cash America International, Inc., 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); Cooper & Co. v. Lester, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538 to $250,000 in fraud action); Prudential Ballard Realty Co., Inc. v. Weatherly, supra, (award of $750,000 of punitive damages in fraud action); Oliver v. Town, 770 So. 2d 1059 (Ala. 2000) ($249,000 award of punitive damages in conversion action); Chrysler Corp. v. Schiffer, 736 So. 2d 538

(Ala. 1999) ($150,000 award of punitive damages in fraud and breach of contract matter); Life Insurance Company of Georgia v. Parker, supra, ($150,000 award of punitive damages in insurance fraud matter); Patel v. Patel, 708 So. 2d 159 (Ala. 1998) ($225,000 award of punitive damages in fraud and breach of contract matter); Talent Tree Personnel Srvs., Inc. v. Fleenor, 708 So. 2d 917 (Ala. 1997) ($1,500,000 award of punitive damages in fraud and breach of contract matter); American Pioneer Life v. Williamson, 704 So. 2d 1361 (Ala. 1997) ($750,000 award of punitive damages in fraud and breach of contract case); Union Sec. Life Ins. Co. v. Crocker, 709 So. 2d 1118 (Ala. 1997) ($1,000,000 award of punitive damages in insurance fraud matter); Life Ins. Co. of Georgia v. Johnson, supra, ($3,000,000 award of punitive damages in insurance fraud action); Hillcrest Center, Inc. v. Rone, 711 So. 2d 901 (Ala. 1997) ($94,000 award of punitive damages in fraudulent inducement action); First Commercial Bank v. Spivey, 694 So. 2d 1316 (Ala. 1997) ($500,000 award of punitive damages in fraud and breach of contract matter); Gallant v. Prudential Ins. Co. of America, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); Ford Motor Co. v. Sperau, 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); Johnson v. Mercury Finance Co., CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note; jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages, the award of punitive damages was remitted to $2,000,000.); Key v. Prudential Insurance Co., et al., CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (the plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required; jury awarded $25,000,000 in punitive damages.); Parham v. Foremost Insurance Co., 693 So. 2d 409 (Ala. 1997) (jury awarded $6,000

in compensatory damages, and $7,500,000 in punitive damages; the punitive damages were later remitted to $175,000.). Consequently, if awarded, punitive damages in the present action will more likely than not exceed $75,000.

23.     Similarly, compensatory damages awarded in Alabama fraud actions also often exceed $75,000. See e.g. New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); Prudential Ballard Realty Co., Inc. v. Weatherly, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); Jeter v. Orkin Exterminating Company, Inc., 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); Oliver v. Towns, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000 award of compensatory damages was attributed to mental anguish); Sparks v. Cash America International, Inc., 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000 of the $75,000.00 compensatory damage award was attributed to mental anguish); Liberty National Life Ins. Co. v. Caddell, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); Hare v. Mutual Savings Life, CV-94-529, 1997 WL 743899 (LPR JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); Mallard v. Countrywide Funding Corp., CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); Ball v. ALFA Realty, Inc., CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); Norwood v. Glen Lanes Realty Co., CV-96-391, 1997 WL 996325

(LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); Gallant v. Prudential Ins. Co. of America, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); Sperau v. Ford Motor Co., CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud). Consequently, if awarded, compensatory damages in the present action will more likely than not exceed $75,000.

## II.   FEDERAL QUESTION JURISDICTION

24.   This Court also has original jurisdiction over the present action pursuant to 28 U.S.C. § 1331, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

25.   In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, --- U.S. ----, 125 S.Ct. 2363 (2005), the Supreme Court confirmed the existence of embedded federal question jurisdiction under 28 U.S.C. § 1331 in certain cases where the supposed state law causes of action necessarily involve a substantial and disputed federal issue. In the wake of Grable, such embedded federal question jurisdiction may exist *even absent* an explicitly pled federal claim and field preemption by a federal statute or act.

26.   In the present action, Plaintiffs' Complaint does not explicitly plead federal causes of action, denominated as such. Their claims, however, are saturated with allegations involving consumer lending practices -- an area heavily regulated by federal law. Because Plaintiffs' state law claims turn on substantial, disputed questions of federal law, the present action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1331 and 1337. E.g., Rankin v. American General Finance, Inc., --- So.2d ----, 2005 WL 487465 at * 4 (Miss.

Mar. 3, 2005)(plaintiff's consumer finance-related "allegation does very plainly appear to be a federal claim dressed up in state law clothing").

27. Further, Plaintiffs' right to recover under their putative state law claims necessarily turns on, and involves, substantial questions of federal law. The precise acts and practices of which Plaintiffs complain herein are extensively regulated by federal law, including: the federal Truth in Lending Act, 15 U.S.C. § 1601, et. seq.; Regulation Z, promulgated thereunder; 12 CFR § 226.1, et. seq.; and 12 CFR § 590.101, promulgated thereunder. This extensive federal control and regulation is critical to this Court's assessment of jurisdiction as Defendants' compliance with federal law will be a central issue permeating the entirety of this lawsuit. As such, the present action necessarily involves a substantial and disputed federal issue, bestowing this Court with embedded federal question jurisdiction.

## ADOPTION AND RESERVATION OF DEFENSES

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## JURISDICTIONAL REQUIREMENTS

29. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

30. Defendants have heretofore sought no similar relief.

31. The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

32. Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

33. Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendants are also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, Alabama, as provided by law.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Barbour County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

_____
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Notice of Removal was served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 17th day of January, 2006.

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555

_____
OF COUNSEL