# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## CLAYTON DIVISION

| | |
|---|---|
| EUNICE and ROBERT McKINNES, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | *  CIVIL CASE NO. CV-05-089 |
| | * |
| AMERICAN INTERNATIONAL GROUP, INC; | * |
| AMERICAN GENERAL CORPORATION; | * |
| AMERICAN GENERAL FINANCE, INC.; | * |
| AMERICAN GENERAL FINANCIAL SERVICES | * |
| OF ALABAMA, INC.; AMERICAN GENERAL | * |
| FINANCE CORPORATION; | * |
| MERIT LIFE INSURANCE COMPANY; | * |
| YOSEMITE INSURANCE COMPANY; | * |
| LISA WOOD; CONNIE FARMER; | * |
| and Fictitious Defendants "A", | * |
| "B", and "C", whether singular or plural, those | * |
| other persons, corporations, firms, or other | * |
| entities whose wrongful conduct caused | * |
| the injuries and damages to the Plaintiffs, | * |
| all of whose true and correct names are | * |
| unknown to Plaintiffs at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
| Defendants. | * |



FILED DEC 1 3 2005 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA

## COMPLAINT

### STATEMENT OF THE PARTIES

1. This court has subject matter and personal jurisdiction over the Defendants. Venue is proper in Barbour County, Alabama.

2. Plaintiff Eunice McKinnes is an adult resident citizen of Barbour County, Alabama.

3. Plaintiff Robert McKinnes is an adult resident citizen of Barbour County, Alabama.

4. Defendant American General Finance, Inc. is a domestic corporation, who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

)                                                )

5. Defendant American General Financial Services of Alabama, Inc. is a domestic corporation, who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

6. Defendant American International Group, Inc. is a foreign corporation who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

7. Defendant American General Corporation is a foreign insurance Company who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

8. Defendant American General Finance Corporation is a foreign insurance Company who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

9. Defendant Merit Life Insurance Company is a foreign insurance company who does business by agent in Barbour County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

10. Defendant Yosemite Insurance Company is a foreign corporation who does business by agent in Barbour County, Alabama. This Defendant is the parent corporation, agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

11. Defendant Lisa Wood is over the age of nineteen (19) and is a resident of Houston County, Alabama.

12. Defendant Connie Farmer is over the age of nineteen (19) and is a resident of Houston County, Alabama.

13. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

14. Plaintiffs' claims are brought solely under Alabama law, and Plaintiffs state they do not bring any claim and/or disclaim any and all claims under any Federal laws, statutes, or regulations.

## STATEMENT OF THE FACTS

15. On or about November 23, 1994, July 25, 2002, and other occasions, Plaintiffs entered into loans with Defendant American General Financial Services of Alabama, Inc. or Defendant American General Finance, Inc. Defendants Lisa Wood and Connie Farmer handled one or more of these loan transactions, while acting as agents for all Defendants, and fraudulently represented to them that if they purchased the credit insurance offered them, their credit score/rating would be better and that they stood a better chance of getting approved for the loan they requested.

16. Defendants advised Plaintiffs that if they refinanced their previous loans into a single loan, that would be the best way for them to save money. Defendants refused to allow Plaintiffs to have a separate loan.

17. Defendants advised Plaintiffs that purchasing the credit insurance offered was a good deal and offered great value and protection.

18. Defendants had a duty to Plaintiffs to give them good advice and they failed to do so, to Plaintiffs' detriment.

19. Based on each of the representations made by Defendants, Plaintiffs agreed to purchase the credit insurance offered and refinance their loan.

20. Defendants' conduct under the circumstances was intentional and amounts to actual malice.

21. Plaintiffs discovered the fraud within two (2) years of filing this lawsuit.

22. Defendants entered into a pattern or practice of fraudulent conduct that included the fraud practiced on Plaintiffs.

23. At all times material hereto, Plaintiffs depended on Defendants to advise them as to all loan requirements and insurance matters. Defendants had superior knowledge and bargaining power over Plaintiffs.

24. The conduct by Defendants was intentional, gross, wanton, malicious, and/or oppressive.

## COUNT ONE

25. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

26. Defendants made the aforementioned fraudulent representations that they knew were false, or should have known were false, and intended for Plaintiffs to rely on said false representations.

27. Plaintiffs did rely on the representations made by Defendants and due to Defendants' fraudulent misrepresentation of material facts, Plaintiffs were induced to act as previously described.

28. As a proximate consequence of Defendants' actions, Plaintiffs were injured and damaged in at least the following ways: they paid money for insurance they did not want, they lost interest on said money, they paid excessive interest on their loans and accounts they otherwise would not have had to pay, they lost interest on the money attributed to the unnecessary payments,

they have suffered mental anguish and emotional distress; and have otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

29. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

30. Defendants negligently and/or wantonly hired, trained, and supervised Defendants Lisa Wood and Connie Farmer and their agents, alter-egos and/or representatives responsible for advising Plaintiffs of the loan and insurance benefits and all other requirements.

31. As a proximate consequence of Defendants' actions, Plaintiffs were injured and damaged as alleged herein.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

32. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

33. Plaintiffs were not experienced in insurance and finance matters and placed a special trust and confidence in Defendants and consequently relied upon Defendants to properly advise them with respect to such matters.

34. Defendants undertook a duty to advise Plaintiffs, held themselves out as experts, and as persons interested in Plaintiffs' well-being, and generally exhibited behavior inconsistent with the typical debtor-creditor relationship.

35. As a result of the aforementioned actions, Defendants conduct amounts to a breach of their individual, contractual, professional and fiduciary obligations and duties to Plaintiffs. Said conduct further amounts to a breach of the duties that arise as a matter of Alabama law.

36. As a proximate consequence of the Defendants breach, Plaintiffs were injured and damaged as alleged herein.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR

37. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

38. Defendants negligently and/or wantonly made the aforementioned representations to Plaintiffs.

39. Said action was a breach of the duty owed Plaintiffs.

40. As a proximate consequence of said actions, Plaintiffs were injured and damaged as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

TOM METHVIN (MET003)
C. LANCE GOULD (GOU007)
WILLIAM H. ROBERTSON, V (ROB161)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Montgomery, Alabama 36104
Telephone No.: (334) 269-2343
Facsimile No.: (334) 954-7555

**PLAINTIFFS REQUEST TRIAL BY STRUCK JURY
OF ALL ISSUES PRESENTED BY THIS CAUSE**

_____
OF COUNSEL
