IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EUNICE AND ROBERT MCKINNES,** )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**AMERICAN INTERNATIONAL GROUP,** )<br>**INC.; AMERICAN GENERAL** )<br>**CORPORATION; AMERICAN GENERAL** )<br>**FINANCE, INC.; AMERICAN GENERAL** )<br>**FINANCIAL SERVICES OF ALABAMA,** )<br>**INC.; AMERICAN GENERAL FINANCE** )<br>**CORPORATION; MERIT LIFE** )<br>**INSURANCE COMPANY; YOSEMITE** )<br>**INSURANCE COMPANY; LISA WOOD;** )<br>**CONNIE FARMER; and Fictitious** )<br>**Defendants "A", "B", and "C", whether** )<br>**singular or plural, those other persons,** )<br>**corporations, firms, or other entities whose** )<br>**wrongful conduct caused the injuries and** )<br>**damages to the Plaintiffs, all of whose true** )<br>**and correct names are unknown to Plaintiffs** )<br>**at this time, but will be substituted by** )<br>**amendment when ascertained,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.:**<br><br>**2:06-CV-00041-WKW-DRB** |

**MOTION TO DISMISS BY DEFENDANT**
**AMERICAN INTERNATIONAL GROUP, INC.**

COMES NOW Defendant American International Group, Inc. ("AIG") and moves this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss AIG as a party to this civil action due to Plaintiffs' failure to state a claim upon which relief can be granted. In support of this motion, AIG states as follows:

1. Plaintiffs' Complaint names AIG, American General Corporation ("AGC") and certain American General Finance, Inc. ("AGF") companies as defendants to this civil action.

The Complaint, however, fails to distinguish between these corporate entities or to specify what acts or omissions by AIG entitle Plaintiffs to the relief sought.

2.     AIG is a publicly traded, parent company with several subsidiary corporations. AGC, one such wholly-owned subsidiary of AIG, is a holding company for several subsidiary corporations, including AGF. AGF, in turn, is the parent company of American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc. ("AGFSA"). AGFC is the parent company of Defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). AIG, AGC and the other named corporate defendants are separate, distinct corporate entities. Their principal places of business are located in different states, each pursuing different corporate purposes.

3.     "Under Alabama law, a parent corporation is a distinct entity from its subsidiary and is not liable for the acts of its subsidiary unless it is a mere adjunct, instrumentality, or alter ego of the parent corporation." *Whatley v. Merit Distribution Servs. et al.*, 2001 U.S. Dist. LEXIS 2744, *8 (S.D. Ala. 2001). Plaintiffs' lone conclusory allegation that AIG is the "alter-ego" of one or more Defendants will not suffice. Complaint ¶ 6. The Complaint is completely devoid of any allegations showing AIG has exerted the level of control required by law to pierce the corporate veil. In fact, Plaintiffs have failed to set forth any facts showing the other named parent corporations within the corporate hierarchy, much less AIG, have exerted the requisite dominion or control over AGFSA to establish vicarious liability.

Moreover, Plaintiffs fails to enunciate the inappropriate means by which AIG misused any of the other named corporate defendants, if any, or that this misuse of control proximately caused Plaintiffs' loss. *In re Birmingham Asbestos Litig.*, 997 F.2d 827, 830 (11th Cir. 1993)

(per curiam). Such glaring deficiencies in the Complaint warrant the dismissal of AIG from this case.

4. In addition, the Complaint contains no <u>independent</u> allegations against AIG that, if taken as true, would show AIG is directly, as opposed to derivatively, liable to Plaintiffs. All allegations in the Complaint center around representations that allegedly induced the Plaintiffs to purchase credit insurance, refinance loan(s) and consolidate other debts with AGFSA or AGF. Complaint ¶¶ 15-16. AIG, as the overarching parent company, does not issue insurance policies or offer financial services. Consequently, any misrepresentations relied upon by the Plaintiffs were made on behalf of those AGF subsidiaries that offer such products and services, entities that are separate and apart from AIG. Nor does Plaintiffs' vague and sweeping description of Lisa Wood and Connie Farmer as agents to "all Defendants" warrant the inclusion of AIG as a defendant to this action. Upon information and belief, Wood and Farmer are, or were, solely employees of AGFSA. Accordingly, this Complaint fails to allege any facts that would establish AIG had a direct relationship, contractual or otherwise, with the Plaintiffs.

WHEREFORE, Defendant AIG respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ John Thomas A. Malatesta_____
Jeffrey M. Grantham (ASB-4866-M66J)
Thomas J. Butler (ASB-7790-T75T)
John Thomas A. Malatesta, III (ASB-4646-O70M)
Attorneys for Defendant American International Group, Inc.

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 24th day of January, 2006.

C. Lance Gould, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Montgomery, AL 36103

David Alan Elliott, Esq.
BURR & FORMAN LLP
SouthTrust Tower, Suite 3100
420 20th Street, North
Birmingham, AL 35203

                                                          /s/ John Thomas A. Malatesta
                                                          OF COUNSEL