IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


| | |
|---|---|
| EUNICE and ROBERT McKINNES, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) 2:06-cv-00041-MHT |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC; | ) |
| AMERICAN GENERAL CORPORATION; | ) |
| AMERICAN GENERAL FINANCE, INC.; | ) |
| AMERICAN GENERAL FINANCIAL SERVICES | ) |
| OF ALABAMA, INC.; AMERICAN GENERAL | ) |
| FINANCE CORPORATION; | ) |
| MERIT LIFE INSURANCE COMPANY; | ) |
| YOSEMITE INSURANCE COMPANY; | ) |
| LISA WOOD; CONNIE FARMER; | ) |
| and Fictitious Defendants "A", | ) |
| "B", and "C", whether singular or plural, those | ) |
| other persons, corporations, firms, or other | ) |
| entities whose wrongful conduct caused | ) |
| the injuries and damages to the Plaintiff, | ) |
| all of whose true and correct names are | ) |
| unknown to Plaintiff at this time, but will | ) |
| be substituted by amendment when ascertained, | ) |
| | ) |
|     Defendants. | ) |


### BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiffs, for the reasons set forth below, urge this Honorable Court to remand

this action to the Circuit Court of Barbour County, Alabama, Clayton Division.


### Introduction/Background

Plaintiffs instituted this state court action against Defendants American

International Group, Inc., American General Corporation, American General Finance,

Inc., American General Financial Services of Alabama, Inc., American General Financial Corporation, Merit Life Insurance Company, Yosemite Insurance Company, Lisa Wood and Connie Farmer, when the Complaint was filed in the Circuit Court of Barbour County, Alabama. Plaintiffs could not have originally filed this action in federal court, because Plaintiffs and Defendants Lisa Wood and Connie Farmer ("collectively resident Defendants") are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

In their Notice of Removal, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiffs and Defendants Lisa Wood and Connie Farmer are Alabama residents. Defendants assert that Plaintiffs fraudulently added the Alabama resident Defendants in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. Additionally, Defendants assert this Court has federal question jurisdiction. Plaintiffs oppose this removal, and by way of their Motion to Remand respectfully submit that the removal was improper and this case is due to be remanded to the Circuit Court of Barbour County, Alabama.

In the present case, the resident Defendants misrepresented and concealed material facts relating to the Plaintiffs' purchase of insurance in connection with the loan, including but not limited to, misrepresenting that if they purchased the credit insurance their credit score/rating would be better and that they stood a better chance of getting approved for the loan they requested. The Alabama resident Defendants gave Plaintiffs financial advice and wrongfully advised Plaintiffs that refinancing their previous loan

2

would save them money and was in their best interest. The case at issue is one such that Plaintiffs detrimentally relied on the material representations and omissions of the Alabama resident Defendants. Furthermore, those fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for the safety and rights of Plaintiffs.

In summary, casting all of the aforementioned facts in a light most favorable to Plaintiffs, it cannot be said that Plaintiffs have not stated a cause of action for fraudulent misrepresentation and fraudulent concealment, and failure to procure the proper coverage against the non-diverse Defendants or that as a matter of law, Plaintiffs' claims would be barred in a state court action. Additionally, Plaintiffs' claims are brought solely under Alabama law and Plaintiffs have explicitly repudiated any claim under federal law.

## Legal Standard

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by either the Constitution or by the United States Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092 (1994). The burden of establishing federal jurisdiction is on the party seeking removal, and because removal raises significant federalism concerns, it must be strictly construed with all doubts resolved in favor of remand. Shamrock Oil & Gas. Corp. v. Sheets, 313 U.S. 100 (1941); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed. 2d 506 (1997); Burns v. Windsor Ins. Co., 31 F.3d at 1095 (Boyer v. Snap-on Tools Corp., 913 F.2d 108(3rd Cir. 1990)); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983); see also Stone v. Williams, 792 F.Supp. 749 (M.D. Ala. 1992). "A conclusionary allegation in the notice

3

of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

## Argument

### A.    *Fraudulent Joinder*

In Triggs v. John Crump Toyota, Inc., 154 F.3d 1284(11th Cir. 1998), the Eleventh Circuit set forth three scenarios for fraudulent joinder as follows:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [third] where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

Triggs at 1287. (internal citations omitted).

In Parks v. New York Times Company, 308 F.2d 474, 478 (5th Cir. 1962), the Circuit Court of Appeals for the Fifth Circuit set forth the rule which still applies today:

> We take the rule to be that there can be no fraudulent joinder unless it be clear that there can be no recovery under a law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there is no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

Parks, 308 F.2d at 478.[1]  "A defendant must assert with particularity that a joinder is fraudulent and support the claim by **clear and convincing evidence**." Everett v. MTD

---

[1] Fifth Circuit decisions rendered prior to October 1, 1981, are binding authority in this Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*)

Prods., Inc., 947 F. Supp. 441 (N.D. Ala. Nov. 21, 1996)(quoting Parks, 308 F.2d at 478)(emphasis added).

Defendants, as the moving party, "bear[] the burden of proving the joinder of the resident defendant was fraudulent." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1556 (11th Cir. 1989); citing Coker v. Amoco Oil Co., 709 F.2d at 1440. The burden is a heavy one because if a **possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident defendants, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440; citing Parks v. New York Times Co., 308 F.2d at 477-78. This burden requires the Court to evaluate the parties' factual allegations in the light most favorable to the Plaintiffs and must resolve all uncertainties about state substantive law in favor of the Plaintiffs. See id.

Defendants assert only the first type of fraudulent joinder. Specifically, Defendants claim that there is no possibility that Plaintiffs can establish a cause of action against the resident Defendants based on the assertion that Plaintiffs fail to state a cause of action against the non-diverse Defendants. Defendants must prove that there is no possibility that Plaintiffs can prove a cause of action against Defendants Lisa Wood and Connie Farmer. See Fowler v. Provident Life and Accident Insurance Company, 256 F.Supp.2d 1243 (N.D. Ala. 2003). Casting all of the facts in a light most favorable to Plaintiffs, it cannot be said that Plaintiffs have not stated a cause of action for fraudulent misrepresentation, fraudulent concealment, or that as a matter of law, Plaintiffs' claims would be barred in a state court action. Therefore, Defendants Lisa Wood and Connie Farmer are necessary parties and are not fraudulently joined.

5

Defendants assert that the resident Defendants have been fraudulently joined because some of the claims asserted against them are time barred and Plaintiffs could not have reasonably relied on the misrepresentations. Defendants argue that under Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997), "fraud claims accrue upon the earlier of: (1) actual discovery of the alleged fraud, or (2) the receipt of a document or contract alerting the plaintiff to the possibility of fraud." Therefore, under Foremost, Plaintiffs had notice of all of their claims on the date they obtained the loan, and since Plaintiffs obtained some of their loan(s) at issue more than two years before filing this lawsuit, their claims against the non-diverse Defendants are time barred. Additionally, Defendants contend that Plaintiffs could not have reasonably relied on the misrepresentation made by the resident Defendants on all of the loans.

In Foremost, the Alabama Supreme Court concluded the justifiable reliance standard should be replaced with the reasonable reliance standard, most closely associated with Torres v. State Farm Fire & Casualty Co., 438 So.2d 755 (Ala. 1983). This standard allows the fact finder greater flexibility in determining the issue of reliance based on all circumstances surrounding the transaction, including the mental capacity, educational background, relative sophistication and bargaining power of the parties. This objective standard is also to be applied in determining statute of limitations issues in fraud cases. In the case at hand, Plaintiffs have no training regarding financial matters and Defendants have greater bargaining power. Plaintiffs had no reason to suspect that Defendants had misrepresented the true nature of the loan and insurance transactions. Additionally, the loan documents do not contradict the representations made by the Defendants, and Plaintiffs could not have discovered the misrepresentation by reading the

loan documents. Even if the documents contradicted the representations, Plaintiffs could not have understood the loan documents due to their lack of sophistication in financial matters. Under the circumstances in the case at hand, a jury could find that Plaintiffs' claims are not time barred against the resident Defendants and that their reliance on the representations was reasonable. Therefore, Plaintiffs' Motion to Remand is due to be granted.

Defendants, as the moving party, bear a heavy burden because if a **possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident Defendants, then this Court must find that the joinder is proper and remand the case to the state court. In the case at hand, Defendants failed to meet this heavy burden.

This Court remanded a nearly identical action holding:

> First, the court agrees with plaintiff that there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant)(citations omitted). Second, the court agrees with plaintiff that there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure)(citations omitted).

Jacqueline Cox v. First Family Financial Services, Inc., et al., 03-T-1253-E (M.D.Ala. Feb. 12, 2004)(attached as Exhibit "A").

Judge Albritton of the United States District Court for the Middle District of Alabama recently remanded two identical actions on February 9, 2006. Mary Cope v. American International Group, Inc., et al., Civ. Action No. 3:05-cv-751-WHA (M.D.Ala. February 9, 2006)(attached as Exhibit "B") and Stephanie Mayberry v. American International Group, Inc., et al., Civ. Action No. 3:05-cv-773-WHA (M.D.Ala. February

9, 2006)(attached as Exhibit "C"). Judge Albritton also remanded another nearly identical action in 2004. John Guilford v. Citigroup, Inc., et al., Civ. Action No. 2:03cv1162-A (M.D.Ala. June 14, 2004)(attached as Exhibit "D"). In Guilford, Judge Albritton held:

> The court has examined these loan documents and finds that the documents do not directly contradict the Plaintiff's allegations to the extent that there is no possibility that the state court could find that the fraud claim is not barred by the statute of limitations. Therefore, the court holds that the Plaintiff has not fraudulently joined the non-diverse Defendant, and thus this court does not have subject matter jurisdiction over the case.

The Guilford court granted the plaintiff's motion to remand despite evidence proffered by the defendants purporting to prove that the plaintiffs' loan documents contradicted her alleged misrepresentations.

Additionally, Judge Fuller of the United States District Court for the Middle District of Alabama recently remanded an identical action on February 10, 2006, finding that the resident defendants were not fraudulently joined. Joe T. Smith v. American International Group, Inc. et al., Civ. Action No. 2:05-cv-1065-MEF (M.D.Ala. February 10, 2006)(attached as Exhibit "E"). Judge Fuller also remanded two other nearly identical actions in 2004 where he found that the resident defendants were not fraudulently joined. Clinton and Mozell Moore v. First Family Financial Services, Inc., et al., Civ. Action No. 2:03-cv-1254-F (M.D.Ala. September 24, 2004)(attached as Exhibit "F") and Clara Tolbert v. First Family Financial Services, Inc., et al., Civ. Action No. 2:04-cv-107-F (M.D.Ala. Nov. 5, 2004)(attached as Exhibit "G").

Finally, the United States District Court for the Western District of Kentucky also remanded a nearly identical action. Howard and Janette Harpool v. Kentucky Finance

Company, et al., Civil Action No. 1:03CV-179-R (W.D.Ky. Feb. 10, 2004))(attached as

Exhibit "H"). In his Order, the Honorable Thomas B. Russell held:

> Defendants argue that all of the alleged misrepresentations were covered
> by the loan documents. (Dkt. #12). While the loan documents may have
> explicitly stated that credit insurance is not **required** to get a loan, telling
> the Plaintiffs that purchasing insurance would increase the likelihood of
> their getting a loan seems to be a different matter and not covered by the
> loan documents.

Id. at pp. 4-5. Judge Russell also granted the plaintiffs' motion to remand in spite of

evidence presented by the defendants in that matter purportedly demonstrating that the

loan documents contradicted the alleged misrepresentations.

Similar allegations that existed in the above-referenced decisions are made by

Plaintiffs in this action. Each of these courts determined that Defendants' loan

documents do not inform borrowers that the purchase of credit insurance will not

improve the borrower's chance of obtaining loan approval. Moreover, as demonstrated

previously in Plaintiffs' Motion to Remand, Plaintiffs' allegations in this matter consist

of more than complaints surrounding the purchase of credit insurance. Accordingly, this

action should be remanded.

Also, Defendants contend since Plaintiffs have not obtained service on the

resident Defendants, then the resident Defendants' citizenship cannot be considered.

This argument was addressed in Beritiech v. Metropolitan Life Ins. Co., 881 F.Supp. 557

(S.D. Ala. 1995). The non-resident defendant removed the actions before the plaintiffs

had served the non-diverse defendants. One of the plaintiffs served the non-diverse

defendant prior to filing its motion to remand. The Honorable Judge Hand held that the

non-diverse defendant's domicile must be considered in determining the propriety of

removal, even if the non-diverse defendant is served after removal. The court went on to

hold:

> "Section 1441(b) therefore did not change the removal requirements set
> forth in <u>Pullman</u> that a court, in determining the propriety of removal
> based on diversity of citizenship, must consider all named defendants,
> **regardless of service**." Citing <u>Percherski v. General Motors Corp.</u>, 636
> F.2d 1156, 1160 (8th Cir. 1981).

supra at 560. In the case at hand, the citizenship of Defendants Lisa Wood and Connie

Farmer should be considered also. Therefore, remand is proper.

In <u>Beritiech</u>, the court noted that the removal statute was correctly construed in

<u>Pecherski v. General Motors Corp.</u>, 636 F.2d 1156 (8th Cir. 1981); <u>Kelly v. Drake Beam</u>

<u>Morin, Inc.</u>, 695 F.Supp 354 (E.D.Mich. 1988); and <u>Schwegmann Bros. Giant Super</u>

<u>Markets, Inc,. v. Pharmacy Reports, Inc.</u>, 486 F.Supp. 606 (E.D.La. 1980). These courts

held that the district court must have original jurisdiction only then will the provisions of

28 U.S.C. § 1441(b) become operative. The prevailing view is the fact that a defendant

has not been served is irrelevant to the courts' determination whether it has jurisdiction

over the action based on complete diversity of citizenship. Therefore, the citizenship of

all named parties must be considered, **regardless of service**.

### B.    *Amount in Controversey*

Defendants further contend that the amount in controversy exceeds $75,000.00,

exclusive of interest and costs. However, such a conclusory allegation that the

jurisdictional amount is satisfied without supporting facts is insufficient to meet

Defendants' burden. <u>See</u> <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319-20

(11th Cir. 2001). In cases removed to federal court on the basis of diversity jurisdiction

pursuant to 28 U.S.C. §1332, if the complaint does not specify the amount of damages

sought, the Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit. Bolling v. Union National Life Insurance Co., 900 F. Supp 400, 403 (M.D. Ala. 1995). The only evidence presented by Defendants is that Plaintiffs seek compensatory and punitive damages and that other fraud cases in Alabama have received punitive and/or compensatory damage awards in excess of $75,000.00.

In Bennett v. American Medical Security, No. 02-D-120-N (M.D.Ala. Feb. 8, 2002)(DeMent, J.)(attached as Exhibit "I"), defendants removed a case to federal court on the basis of diversity jurisdiction. The defendants asserted that the only non-diverse defendant had been fraudulently joined and because there was a claim for punitive damages the amount in controversy exceeded $75,000.00. The only evidence that defendants submitted in those actions was an assertion in their Notice of Removal that jury awards in cases on the same type of suit as the case sub judice routinely exceed $75,000.00. Judge DeMent held that the defendants failed to meet their burden of proving that the amount in controversy exceeded $75,000.00 and remanded the case to state court. This result has also occurred in other cases involving similar bald assertions regarding the amount in controversy. See Ronnie Register, et al. v. RUS of Auburn, et al., Civil Action Number 01-T-858-E in the United States District Court for Middle District of Alabama (March 26, 2002)(Thompson, J.)(holding that $2,000 actual damage claim could not satisfy amount in controversy even if punitive damages were awarded)(attached as Exhibit "J"); Antonio Fabritis v. United Wisconsin Life Insurance Company, et al., Civil Action Number 02-T-820-N in the United States District Court for Middle District of Alabama (Nov. 1, 2002); Vivian Gadson v. United Wisconsin Life

11

Insurance Company, et al., No. 02-T-793-N (M.D.Ala. Aug. 26, 2002). In the case at hand, Defendants have similarly failed to meet their burden; therefore, this case is due to be remanded.

### C.    *Federal Question Jurisdiction*

Defendants contend that this Court has federal question jurisdiction. However, if the face of the plaintiff's complaint reveals no issue of federal law, there is no federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). In Franchise Tax Board, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." 463 U.S. at 13.

There are, however, exceptions to the well-pleaded complaint rule. One exception to the well-pleaded complaint rule is the doctrine of complete or super preemption. Id. at 393, 107 S.Ct. 2425. Defendants' Notice of Removal does not rely on this exception. Although Plaintiffs do not address whether complete preemption would apply in this case, Plaintiffs note, that district courts have overwhelmingly concluded that TILA does not preempt state law. [2]

---

[2] Walker v. Commercial Credit Corp., 192 B.R. 260, 265-266 (M.D.Ala.1996) (Albritton, J.)(Moreover, state law claims are not displaced by the TILA, and the TILA's jurisdictional and civil enforcement provisions are not as extensive as those of the LMRA or ERISA. Thus, the TILA does not completely preempt state law claims within its scope, and there is no authority for removing state law claims to federal court on the basis of the TILA.); Jackson v. Bank One, 952F.Supp. 734, (M.D.Ala.1996) (DeMent, J.); Anderson v. Household Finance Corp. of Alabama, 900 F.Supp. 386, 388-389 (M.D.Ala.1995) (DeMent, J.); McCrae v. Commercial Credit Corp., 892 F.Supp. 1385, 1386-1387 (M.D.Ala.1995) (DeMent, J.). Greer v. Majr Financial Corporation, 105 F.Supp.2d 583, 590, (S.D. Miss. 2000); Easterling v. Gulf

Another exception to the well-pleaded complaint rule, and the exception upon which Defendants rely, is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." Franchise Tax Board v. Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted). In Franchise Tax Board, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Id. at 13, 103 S.Ct. 2841. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id.

In order for a state-law claim to raise substantial questions of federal law, "[federal] law must be an essential element of the plaintiff's claim[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." Mobil Oil, 671 F.2d at 422.

The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal

---

Guaranty Ins. Co., 60 F.Supp.2d 586 (S.D. Miss. 1999); Allen v. City Finance, 224 B.R. 347 (S.D. Miss. 1998).

subject matter jurisdiction--the implicated federal issue must be substantial. <u>Franchise Tax Bd.</u>, 463 U.S. at 13, 103 S.Ct. at 2848. For example, it is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action. See <u>Merrell Dow</u>, 478 U.S. at 814, 106 S.Ct. at 3235 (holding that a federal question was not raised by the mere fact that proof of violation of the federal Food, Drug and Cosmetic Act was a necessary element of the plaintiff's state-law tort claim); <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1283 (11th Cir.1998) (concluding that removal jurisdiction was improperly exercised because proof of violation of the Americans with Disabilities Act, although a necessary element of the plaintiff's state-law discrimination claim, was an insufficiently substantial federal question); see also <u>City of Huntsville v. City of Madison</u>, 24 F.3d 169, 174 (11th Cir.1994).

Here, Plaintiffs' claims do not require proof of violation or an interpretation of federal law. Plaintiffs' claims are simply garden-variety fraud claims and may not be recast and rewritten by Defendants to state a claim under TILA or Regulation Z. As the master of their complaint, Plaintiffs have chosen to rely exclusively on state law claims. Plaintiffs have explicitly repudiated any claim they may have under federal law. (See Complaint ¶ 14). Plaintiffs' complaint alleged that Defendants misrepresented and/or suppressed material facts relating to the loans at issue. This is a state law claim for fraudulent misrepresentation and suppression. Simply, because Defendants were required by TILA or other regulations to disclose certain facts does not mean that the Plaintiffs have stated a claim under TILA.

Several Alabama federal district courts have held that simply because plaintiffs' fraud claims may "involve application of the Truth-In-Lending Act" does not mean that the complaint presents a federal question sufficient to support removal jurisdiction. In each instance the case was remanded to state court. In <u>McCrae v. Commerical Credit Corp.</u>, 892 F. Supp. 1385 (M.D. Ala. 1995), the plaintiffs alleged that the defendants had misrepresented and failed to disclose the cost of refinancing certain loans and that credit insurance was included on the loans. The defendants removed the case to federal court contending that the plaintiffs' claim for relief necessarily involved application of TILA. In remanding the case to state court, the district court found that the defendants failed to establish that the plaintiff's complaint on its face had pled a federal question.

Judge DeMent addressed the same issue in <u>Anderson v. Household Finance Corp. of Alabama</u>, 900 F.Supp. 386, 388-389 (M.D.Ala.1995). In <u>Anderson</u>, the defendant contended that the plaintiff's claim for relief involved the application of TILA, and its implementing Regulation Z. In essence, the defendant contended that while the plaintiff had not pleaded a violation of TILA, TILA controlled in the action. Specifically, the defendant stated the cause of action had been composed in terms of the TILA. The plaintiff even stated in the amended complaint that the defendant's actions violated "federal and state laws." However, the plaintiff asserted that he was seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

In holding that the plaintiff's right to relief did not depend on the resolution of a substantial question of federal law, the court stated:

> The court does not believe that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. The court finds that the mere mention of the words "federal laws" does not

15

> confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims. The causes of action are supported by alternative theories of state law, and the TILA is not essential to any of those theories. The alternative theories of state law include fraud, misrepresentation, suppression of material facts, and fraud in continuing to receive payments. These are state law claims the determination of which must be left to the state court system.

Id. at 389. In the present case, it is without question that Plaintiffs, on the face of their complaint, disclaim any and all federal remedies.

In Walker v. Commercial Credit Corp., 192 Bankr. 260 (M.D. Ala. 1996), the plaintiffs alleged that the defendants fraudulently failed to disclose that plaintiffs were paying excessive and unnecessary fees and charges on refinanced loans. Defendants removed the case on several theories, one of which was the plaintiffs' claims presented a federal question because the claim required application of TILA. The district court remanded the case. The court noted that plaintiff's complaint did not mention TILA in any manner and only alleged state law fraud claims.

Plaintiffs' complaint alleges only state law causes of action that do not require resolution of substantial federal questions. As the master of their complaint, Plaintiffs have chosen to rely exclusively on state law claims. For that reason alone, this case should be remanded to state court.

### Conclusion

Based on the foregoing, Plaintiffs respectfully urge this Honorable Court to remand this action to the Circuit Court of Barbour County, Alabama, Clayton Division.

/s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                                        /s/ Charles Lance Gould
                                        OF COUNSEL


Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Thomas Julian Butler
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

David Alan Elliott
Matthew Thomas Mitchell
Robert Howard Rutherford
Burr & Forman LLP
420 North Twentieth Street
Suite 3100
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5631