IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE T. SMITH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cv-1065-MEF |
| | ) | |
| AMERICAN INTERNATIONAL GROUP, | ) | (WO - Not Recommended for Publication) |
| INC., *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

On several occasions in 2001, Joe T. Smith ("Plaintiff"), a resident of Alabama,

borrowed money from one or more of the corporate entities named as defendants to this

action. Compl. at ¶ 13. Plaintiff has alleged that during the transactions regarding the loans

at issue in this lawsuit, three Alabama residents, Kimberly Singleton ("Singleton"), Pat Porter

("Porter"), and Roy T. Evans ("Evans"), acted as agents of the corporate defendants, all of

which are foreign companies. Compl. at ¶¶ 3-10, 13. According to the allegations of the

Complaint, sometime after September 28, 2003, Plaintiff discovered that Singleton, Porter,

and Evans had misled him about certain information relating to these loans. Compl. at ¶ 19.

On September 28, 2005, Plaintiff filed suit against American International Group, Inc.,

American General Corporation, American General Finance Inc., American General Finance

Corporation, Merit Life Insurance Company, Singleton, Porter, and Evans in the Circuit

Count of Bullock County, Alabama. In his Complaint, Plaintiff asserted claims for fraud


EXHIBIT
E

(Count One), negligent and/or wanton hiring, training, or supervision of Singleton, Porter, and Evans (Count Two), breach of fiduciary duty (Count Three), and negligent or wanton misrepresentation (Count Four).

On November 3, 2005, American General Financial Services of Alabama, Inc., American General Finance Corporation, Merit Life Insurance Company, Singleton, Porter, and Evans jointly filed a Notice of Removal (Doc. #2), invoking this Court's subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. American International Group, Inc. and American General Corporation filed written notice of their joinder in and consent to the removal (Doc. # 3). In support of their assertion that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, Defendants argue that Singleton, Porter, and Evans were fraudulently joined. In support of their assertion that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Defendants argue that Plaintiff's claims necessarily involve substantial questions of federal law.

This cause is before the court on the Motion to Remand Plaintiff filed on December 5, 2005 (Doc. #11). The parties have presented a variety of arguments in support of and in opposition to this motion in a variety of submissions to the Court, both on this motion and in connection with Defendants' motion for remand-related discovery. The Court has carefully considered the merits of these arguments and finds that the Motion to Remand (Doc. # 11) is due to be GRANTED.

## II. REMAND STANDARD

2

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994);

*Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As

such, federal courts only have the power to hear cases that they have been authorized to hear

by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. The

party seeking removal has the burden of establishing that subject matter jurisdiction exists

and removal is appropriate. *See Burns*, 31 F.3d at 1095. Because federal court jurisdiction

is limited and removal jurisdiction raises significant federalism concerns, the Eleventh

Circuit Court of Appeals has held that it favors remand of removed cases when federal

jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly;

where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of

remand." *Id.*

### III. FACTS

The facts alleged in the Complaint, as they pertain to the Motion to Remand, are as

follows:

Plaintiff entered into several loans with the Defendants in 2001. Defendants

Singleton, Porter, and Evans made representations to Plaintiff during these transactions.

Plaintiff has alleged that the following representations were made: (a) that if he purchased

the credit insurance offered to him, his score/rating would be better and he stood a better

chance of getting the loan he requested; (b) that the best way for him to save money would

be to refinance previous loans into a single loan and Defendants refused to allow Plaintiff

3

to have a separate loan; and (c) that credit insurance was a good deal and offered great value and protection. Compl. at ¶¶ 13-15. Plaintiff has alleged that these representations were fraudulent.

## IV. DISCUSSION

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b). Defendants argue that both types of subject matter jurisdiction apply to this case. The Court will address each argument in turn.

### A. Federal Question Jurisdiction

Federal question jurisdiction exists if a plaintiff's suit "arises under" the "Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. In general, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *See, e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13 (1983). The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction. *See, e.g., Caterpillar, Inc v. Williams*, 482 U.S. 386, 392-93 (1987).

Defendants have argued that federal question jurisdiction exists in this case, relying on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, __ U.S. __, 125 S. Ct. 2363, 2366 (2005). While the Supreme Court decision in *Grable* is a recent one, the principles

4

applied in it are not new. In fact, the Court noted it has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 2367. The Court further explained that it has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Id.* at 2368. In fact, in previous decisions the Court has made it clear that the "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, the Court held that the dispositive question is does "a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368. The claims at issue in *Grable* implicated the meaning of a provision of the federal tax code. The Court reasoned that because the meaning of the federal statute is actually in dispute and appeared to be the only legal or factual issue contested in the case, jurisdiction existed with respect to the state law claims asserted. *Id.* at 2371.

The federal laws to which the Defendants have pointed in the instant case are the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Regulation Z, promulgated thereunder, 12 C.F.R. § 226.1, *et seq.* and 12 C.F.R. § 590.101. They have argued that the issue of Defendants' compliance with TILA and Regulation Z is "sure to be disputed." *See* Doc. # 22 at p. 22. Plaintiff, of course, has raised no such issue. Defendants argue, however, that the embedded federal question in Plaintiff's state law claims is that the loan documents

made disclosures required by Regulation Z of the annual percentage rate, the amount financed as well as the finance charge, and the total payment, amount and number of payments. They further contend that the loan documents comply with TILA which requires that where the cost of credit insurance is not included in the finance charge, the lender must disclose that coverage is not required by the creditor.

In this case, the loan documents contain both disclosures required by TILA and disclosures not required by TILA. Contrary to Defendants' contention, this case is not one in which the meaning and requirements of federal statutes are in dispute or constitute the sole legal or factual issues contested in the case. Therefore, the Court cannot conclude that this case presents a case arising under federal law within the meaning of *Grable. See, e.g., Acker v. Aig Intern., Inc.*, 398 F. Supp. 2d 1239, 1244 (S.D. Fla. 2005) (distinguishing *Grable* where state law claims did not question the proper interpretation of the federal tax law); *Easterling v. Gulf Guar. Ins. Co.*, 60 F. Supp. 2d 586, 588 (S.D. Miss. 1999) (remanding case where "the Plaintiff has stated viable state law causes of action and if TILA has been invoked, it is only in an insubstantial way."). In addition, as stated above, the *Grable* decision did not announce a new rule, but merely applied existing law. This Court has been not been directed to, and is not aware of, any case finding federal jurisdiction on the basis of TILA when state law claims not invoking TILA have been asserted. *Cf. Household Bank v. JFS Group*, 320 F.3d 1249, 1260 (11th Cir. 2003) (in determining that jurisdiction existed, reasoned that plaintiffs could bring a TILA claim, and therefore implicitly held that asserting state law claims would not be sufficient to assert a federal question under TILA). Mindful

6

of its duty to resolve not only factual, but also legal uncertainties in favor of remand,
*Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998), the Court finds that
Defendants have not established that this Court has subject matter jurisdiction over this
action pursuant to 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

The diversity statute confers jurisdiction on the federal courts in civil actions
"between citizens of different states," in which the jurisdictional amount, currently in excess
of $75,000, is met. 28 U.S.C. § 1332(a). "Therefore, where parties are diverse and the
amount in controversy is sufficient, a defendant has the statutory right to remove an action
from state court to federal court." *Moss v. Voyager Ins. Co.*, 43 F. Supp. 2d 1298, 1300
(M.D. Ala. 1999). However, the non-moving party may move for remand, which will be
granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C.
§ 1447(c).

To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state
of which one defendant is a citizen, but also, under the rule of "complete diversity," no
plaintiff may share the same state citizenship with any defendant. *See Strawbridge v.
Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Because of the complete diversity requirement for
subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal
simply by joining a defendant who shares the same state citizenship as the plaintiff. The
filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely
to prevent removal is called a "fraudulent joinder." Courts may disregard the citizenship of

7

fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[1]; *see also Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498 (M.D. Ala. 1996).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the removing parties. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. Nov. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

In this case, Defendants argue that there is no possibility that Plaintiff can establish a cause of action against the resident defendants, Singleton, Porter, and Evans, in state court.[2] Defendants have argued that Plaintiff cannot establish reasonable reliance in support of his fraud claim and that his claims against Singleton, Porter, and Evans are time-barred by the two-year statute of limitations. In response, Plaintiff contends that the fraud claims asserted in the Complaint state a claim against Singleton, Porter, and Evans, sufficient to withstand the fraudulent joinder standard.

The Court begins with Defendants' contentions that the Plaintiff's fraud claims against the non-diverse Defendant are barred by the statute of limitations and that Plaintiff cannot establish reasonable reliance. The Court addresses these two arguments together because Plaintiff's response to the argument that his claims are time-barred is based on a reasonable reliance argument.

"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3 (2005). In *Foremost Ins. Co. v. Parham*, 693 So.

---

[2] Defendants also argue that Plaintiff's counsel has manipulated the Complaints in this and other similar matters in a transparent attempt to defeat Defendants' valid fraudulent joinder argument. *See* Doc. # 22 at pp. 15-18. While such allegations are certainly troubling, this Court cannot say that this argument establishes a proper predicate for denying Plaintiff's motion to remand. The conduct of all counsel in these cases is subject to the requirements of Rule of 11 of the Federal Rules of Civil Procedure (while the case is pending in this Court) and the Alabama Rules of Civil Procedure (before a case is removed or after it has been remanded).

2d 409, 417, 421-422 (Ala. 1997), the Alabama Supreme Court re-affirmed that the two-year

limitations period for fraud claims begins when the alleged victim discovered or should have

discovered the fraud under a "reasonable reliance" standard. The Court certainly agrees with

the general proposition, applied in cases from this court and others cited by the Defendants,

that where documentation contradicts alleged oral misrepresentations, generally a plaintiff

should have discovered the alleged fraud upon receipt of the documents, and could not

reasonably rely on representations to the contrary. *See, e.g., Owens v. Life Ins. Co. of Ga.*,

289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003). This court cannot conclude, however, that

that general proposition necessarily applies to all of the fraud claims in this case.

Defendants in this case argue, citing to Plaintiff's loan documents, that the documents

disclose all of the relevant financial terms so that he could have ascertained whether

refinancing prior loans and consolidating existing debt was in his best interest. They also

argue that the premiums for insurance products were disclosed so that he could ascertain

whether the product was a good deal. Finally, Defendants also point to a disclosure in the

loan documents that credit life insurance is not required to obtain a loan and that Plaintiff's

purchase of credit life insurance was not a factor in the approval of the extension of credit.

Plaintiff contends that he has no training in financial matters, had no reason to suspect

that Defendants had misrepresented the true nature of the loan and insurance transactions,

and that the loan documents do not contradict representations made by Defendants so that

Plaintiff could have discovered the misrepresentations by reading the loan documents.

The Court has reviewed the allegations of the Complaint and the loan documents submitted by Defendants. Particularly with regard to the alleged representation that if Plaintiff purchased credit insurance, his score/rating would be better and he stood a better chance of getting the loan he requested, the Court agrees that Plaintiff's reliance seems unreasonable in light of the disclosure in the documents he received that credit insurance was not a factor in the approval of the extension of credit. However, with respect to the other misrepresentations alleged in the Complaint, there is at least a possibility that a state court would find that the disclosures in the loan documents do not contradict the alleged representations. This Court cannot say under the fraudulent joinder standard that a state court would find that the documents identified as having been provided to Plaintiff contradict *all* of the representations allegedly made by Singleton, Porter, and Evans or that the documents gave Plaintiff reason to suspect that they had misrepresented the true nature of the loan and insurance transactions.

Given the Eleventh Circuit policy favoring remand of removed cases where federal jurisdiction is not absolutely clear, *Burns v. Windsor Ins. Co.*, 31 F.3d at 1095, and the standard applicable in the fraudulent joinder context, this Court cannot conclude that there is no possibility Plaintiff could establish any fraud claim against any of the resident defendants in state court despite the defenses of the statute of limitations and alleged inability to establish reasonable reliance. Thus, Singleton, Porter, and Evans have not been

11

fraudulently joined and their presence in this suit destroys complete diversity. For this reason, remand is appropriate.[3]

## V. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 11) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)    Plaintiff's Motion to Stay Defendants' Motion to Dismiss (Doc. # 15) is DENIED as MOOT.

(5)    Any other pending motions are left for resolution by the Circuit Court of Bullock County, Alabama.

DONE this 10th day of February, 2006.


_____ /s/ Mark E. Fuller _____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Therefore, it is not necessary for the Court to address the parties' arguments concerning whether the so-called "common defense rule" has some application to this case or whether the requisite amount in controversy is present in this case.