IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EUNICE and ROBERT McKINNES,** | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * Civil Action No. |
| | *  2:06-cv-00041-MHT |
| | * |
| **AMERICAN INTERNATIONAL GROUP, INC;** | * |
| **AMERICAN GENERAL CORPORATION;** | * |
| **AMERICAN GENERAL FINANCE, INC.;** | * |
| **AMERICAN GENERAL FINANCIAL SERVICES** | * |
| **OF ALABAMA, INC.; AMERICAN GENERAL** | * |
| **FINANCE CORPORATION;** | * |
| **MERIT LIFE INSURANCE COMPANY;** | * |
| **YOSEMITE INSURANCE COMPANY;** | * |
| **LISA WOOD; CONNIE FARMER;** | * |
| and Fictitious Defendants "A", | * |
| "B", and "C", whether singular or plural, those | * |
| other persons, corporations, firms, or other | * |
| entities whose wrongful conduct caused | * |
| the injuries and damages to the Plaintiff, | * |
| all of whose true and correct names are | * |
| unknown to Plaintiff at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
| Defendants. | * |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

COME NOW, Plaintiffs and submit this Supplemental Memorandum of Law in support of their Motion to Remand. Plaintiffs respectfully request this Honorable Court remand this Action to the Circuit Court of Barbour County, Clayton Division, Alabama.

## INTRODUCTION

Plaintiffs instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., American General Financial Corporation, Merit Life Insurance Company, Yosemite Insurance Company, and individual Defendants Lisa Wood and Connie Farmer when the Complaint was filed in the Circuit Court of Barbour County, Clayton Division, Alabama. Plaintiffs could not have originally filed this action in federal court, because Plaintiffs and Defendants Lisa Wood and Connie Farmer are citizens of Alabama.

Defendants assert that Defendants Lisa Wood and Connie Farmer have been fraudulently joined because some of the claims asserted against them are time barred and Plaintiffs could not have reasonably relied on the misrepresentations. Defendants argue that under Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997), "fraud claims accrue upon the earlier of: (1) actual discovery of the alleged fraud, or (2) the receipt of a document or contract alerting the plaintiff to the possibility of fraud." Therefore, under Foremost, Plaintiffs had notice of all of their claims on the date they obtained the loan, and since Plaintiffs obtained some of their loans at issue more than two years before filing this lawsuit, their claims against Defendants Lisa Wood and Connie Farmer are time barred. Additionally, Defendants contend that Plaintiffs could not have reasonably relied on the misrepresentation made by Defendants Lisa Wood and Connie Farmer on all of the loans.

There is nothing in Defendants' claims of fraudulent joinder that is unique or specific to Defendants Lisa Wood and Connie Farmer. It appears that what Defendants are really trying to show is that Plaintiffs have no claims against any Defendant, not just Defendants Lisa Wood and Connie Farmer. As such, the claim of "fraudulent joinder" of a specific Defendant is

2

inappropriate. This is always true when the defenses being cited are really applicable to all defendants.

The Fifth Circuit addressed this exact issue in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004). In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one, or just a few defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident Defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in <u>Chesapeake & O.R. Co. v. Cockrell</u>, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

<u>Id</u>. (internal citations omitted). The instant action presents essentially the same issue. Therefore, since a claim of fraudulent joinder is improper, this case is due to be remanded to the Circuit Court of Barbour County, Clayton Division, Alabama.

This Court recently remanded three identical actions based on the common defense rule. See <u>Tony and Dorothy Turner v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006), <u>Bernice Poole-Reese v. American International</u>

3

Group, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006) and James Poole v. American International Group, Inc., et al., Civil Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006). This Court noted that the Eleventh Circuit has not reached this issue, but other circuits have applied a "common defense rule" to fraudulent joinder claims such as when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. This Court remanded the actions holding that, "the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule." As such, Plaintiff's Motion to Remand is due to be granted.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully urge this Court to remand this action to the Circuit Court of Barbour County, Clayton Division, Alabama.

Respectfully submitted this the 15th day of February, 2006.

/s/ C. Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 15th day of February, 2006.

                                                /s/ C. Lance Gould
                                                OF COUNSEL


**Attorney for Defendants American International Group, Inc. and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.; American General Financial Services of Alabama, Inc..; Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:   205-458-5100
Email: delliott@burr.com