IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EUNICE and ROBERT McKINNES,** | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| **AMERICAN INTERNATIONAL GROUP, INC.;** **AMERICAN GENERAL CORPORATION;** **AMERICAN GENERAL FINANCE, INC.;** **AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA, INC.; AMERICAN GENERAL FINANCE CORPORATION;** **MERIT LIFE INSURANCE COMPANY;** **YOSEMITE INSURANCE COMPANY; LISA WOOD; CONNIE FARMER; and Fictitious Defendants "A", "B", and "C", whether singular or plural, those other persons, corporations, firms, or other entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained,** | ) **CIVIL ACTION NO.** **2:06-cv-00041-MHT** |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO CONDUCT REMAND-RELATED DISCOVERY**

**COME NOW** Defendants American General Financial Services of Alabama, Inc., in and of itself and as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this memorandum of law in support of their Motion for

1439000

Leave to Conduct Remand-Related Discovery. In support of their motion, Defendants show unto the Court the following:

## I. INTRODUCTION

On or about December 16, 2005, Plaintiffs commenced the present action by filing a complaint against Defendants in the Circuit Court of Barbour County, Alabama, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit insurance in connection with said loans. Upon commencement, this lawsuit immediately joined the long line of boilerplate consumer finance actions recently filed by Plaintiffs' counsel in Alabama and Tennessee. These Alabama and Tennessee matters, in turn, follow on the heels of innumerable lawsuits Plaintiffs' counsel has filed in Mississippi over the past several years, each fraudulently joining non-diverse defendants for the purpose of avoiding diversity jurisdiction.[1] Federal courts in Mississippi, recognizing the attempt by the plaintiffs' bar to avoid diversity jurisdiction by fraudulently joining such defendants, have repeatedly denied remand, exercised diversity jurisdiction, and ultimately granted summary judgment for the defendants in like matters.[2] In addition, and importantly for this motion, courts in both Mississippi and Tennessee have repeatedly permitted these same defendants to engage in remand-related discovery to establish the fraudulent joinder of the non-diverse defendants.

In the present action, Plaintiffs have concocted a slightly different set of allegations specially designed to defeat Defendants' valid fraudulent joinder argument and avoid the fate of

---

[1] The complete list of the lawsuits filed by Plaintiffs' counsel against Defendants in Mississippi, Tennessee, and Alabama is too voluminous to include in this Memorandum. As a result, Defendants have set forth the list in a separate document, attached hereto as Exhibit "A."

[2] The consumer finance lawsuits in Mississippi in which federal courts have denied remand, and in some instances granted summary judgment for the defendants, is too voluminous to include in this Memorandum. As a result, Defendants have set forth the list in a separate document, attached hereto as Exhibit "B."

the aforementioned Mississippi plaintiffs. (See Plaintiffs' Complaint, ¶¶ 15-24). Importantly, the Tennessee lawsuits in which remand-related discovery was granted contain the exact same allegations. Specifically, Plaintiffs assert in their Complaint that the non-diverse Defendants -- Lisa Wood and Connie Farmer (hereinafter collectively referred to as the "Non-Diverse Defendants") -- misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve both their credit score and their chances of being approved for the loans in question. (Plaintiffs' Complaint, ¶¶ 15, 17). Moreover, Plaintiffs allege that the Non-Diverse Defendants misrepresented to them that refinancing prior loans would save them money. (Plaintiffs' Complaint, ¶ 16). Based on these allegations, Plaintiffs appear to assert the following individual causes of action with respect to loans they obtained on or about November 23, 1998 and July 25, 2002: (1) fraudulent misrepresentation and/or suppression; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duties.

On or about January 18, 2006, Defendants removed the present action to this Court on diversity and federal question jurisdiction grounds under 28 U.S.C. 1331, 1332, and 1441. Defendants specifically demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action because the amount in controversy exceeds $75,000 and because the Non-Diverse Defendants have been fraudulently joined. Defendants also demonstrated that the present action necessarily involves substantial and disputed federal issues, and that, accordingly, this Court has embedded federal question jurisdiction. On or about February 13, 2006 Plaintiffs filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction.

1439000                                     3

Defendants now seek leave to conduct remand-related discovery in the present action so that they may definitively establish the propriety of removal herein and fully defend against Plaintiffs' Motion to Remand.  Significantly, in George Mason v. American International Group, Inc., et al., In the United States District Court for the Middle District of Alabama, Eastern Division, Civil Action Number: 3:05-cv-752-F, a virtually identical matter involving Plaintiffs' counsel and these Defendants, this Court permitted such discovery, noting that it "has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand."  (A copy of the Court's order granting in part Defendants' request to conduct remand-related discovery in Mason is attached hereto as Exhibit "C").  Likewise, in another similar matter involving Defendants, Ken Nicholson v. American General Financial Services, Inc., et al., Civil Action No. 05-0625-CG-D, the Honorable Judge Kristi K. DuBose of the United States District Court for the Southern District of Alabama recently granted Defendants' Motion to Conduct Remand-Related Discovery.  (A copy of the Court's order in Nicholson is attached hereto as Exhibit "D").

Finally, as referenced above, courts in Tennessee have recently granted Defendants' remand-related discovery motions in the following identical cases filed by Plaintiffs' counsel containing the exact same allegations as those asserted herein: Gloria Garret v. American International Group, Inc., et al., Civil Action No. 05-2639-Ma/P; Elmo Thomas v. American International Group, Inc., et al., Civil Action No. 05-2651-Ma/P; and Roosevelt Walton v. American International Group, Inc., et al., Civil Action No. 05-2652-D/P; Irby v. American International Group, Inc., et al., Civil Action No. 05-2634; Robertson v. American International Group, Inc., et al., Civil Action No. 05-2635; Mason v. American International Group, Inc., et al., Civil Action No. 05-2636; Sims v. American International Group, Inc., et al., Civil Action

No. 05-2637; Trezevant v. American International Group, Inc., et al., Civil Action No. 05-2650; Upshaw v. American International Group, Inc., et al., Civil Action No. 05-2653; Marshall v. American International Group, Inc., et al., Civil Action No. 05-2655; Armstrong v. American International Group, Inc., et al., Civil Action No. 05-2700; and Oliver v. American International Group, Inc., et al., Civil Action No. 05-2701.[3]

As in the above matters, remand-related discovery is absolutely necessary in the present action to equip Defendants with the information necessary to adequately defend against Plaintiffs' Motion to Remand. As such, Defendants' Motion for Leave to Conduct Remand-Related Discovery is due to be granted.

## II. ARGUMENT

As demonstrated in their Notice of Removal, Defendants contend that there is complete diversity among the parties in the present action because the Non-Diverse Defendants herein have been fraudulently joined. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255, 1256 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction."). Fraudulent joinder exists where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). With that said, Defendants contend that Plaintiffs cannot possibly prove a cause of action against the Non-

---

[3] A copy of Magistrate Judge Pham's order granting remand-related discovery in Garret, Thomas, and Walton is attached hereto as Exhibit "E." A sample copy of the electronic filing notifying the parties of Judge Vevesco's order granting remand-related discovery in Irby, Robertson, Mason, Sims, Trezevant, Upshaw, Marshall, Armstrong, and Oliver is attached hereto as Exhibit "F."

Diverse Defendants in the present action because their claims against said Defendants are time-barred on their face by the applicable statute of limitations and/or fail as a matter of law.

The relevant case law and this Court's recent remand orders suggest that the validity of Defendants' statute of limitations and merit-based arguments depend upon whether and when Plaintiffs received notice of the Non-Diverse Defendants' alleged misrepresentations. As demonstrated in detail below, however, Defendants have good reason to believe that the Non-Diverse Defendants' alleged misrepresentations were never actually made, and remand-related discovery is necessary to confirm that fact. In addition, Defendants need to conduct remand-related discovery in order to determine whether and when Plaintiffs received notice of the Non-Diverse Defendants' alleged misrepresentations and whether said misrepresentations are even false. For these reasons, Defendants' Motion for Leave to Conduct Remand-Related Discovery is due to be granted.

    A.    **Defendants Need to Depose Plaintiffs in Order to Determine Whether the Misrepresentations Alleged in Their Complaint Were Actually Made.**

Realizing the importance of the interaction between the misrepresentations alleged and the disclosures contained in loan documents, Plaintiffs' counsel has manipulated the pleadings in the present action to avoid being directly contradicted by Plaintiffs' loan documents. As previously demonstrated, Plaintiffs' counsel has filed numerous boilerplate lawsuits against Defendants in Mississippi, Tennessee, and Alabama. Though these lawsuits all involve loans from the same general time period, the Mississippi cases were filed a couple of years prior to the Alabama and Tennessee matters. In these Mississippi matters, Plaintiffs' counsel filed complaints alleging that the plaintiffs were specifically told they were required to purchase credit

insurance in order to obtain their loans.[4] Several federal courts in Mississippi have since denied motions to remand and are now granting motions for summary judgment in these and other like matters because the plaintiffs' loan documents directly contradict this alleged misrepresentation. (See Ex. B).

As a result, Plaintiffs' counsel has filed slightly different complaints in Alabama and Tennessee, alleging that plaintiffs in all of these cases were identically informed that purchasing credit insurance was a good deal, that it would improve their credit score and their chances of being approved for the loans in question, and that refinancing prior debt would be the best way for Plaintiff to save money.[5] (See Plaintiffs' Complaint, ¶¶ 15-17). Thus, it is apparent that Plaintiffs' counsel has abandoned its previous boilerplate allegations and conjured up new boilerplate misrepresentations in an effort to avoid being directly contradicted by the express language of plaintiffs' loan documents. In fact, Plaintiffs' counsel has even gone so far as to amend the few Mississippi lawsuits in which summary judgment has not yet been entered, eliminating the original contention and replacing it with the newly crafted allegation.[6]

---

[4] For an example of allegations asserted by Plaintiffs' counsel in the Mississippi matters, see paragraph 10 of the complaint filed in the lawsuit styled Edward Morgan, et al. v. American International Group, Inc., In the Chancery Court of Jones County, Mississippi, Second Judicial District, Laurel Division, Civil Action Number: 2002-1029, attached hereto as Exhibit "G."

[5] For an example of the allegations asserted by Plaintiffs' counsel in the Tennessee matters, see the complaint filed in the lawsuit styled Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4105-05., attached hereto as Exhibit "H".

[6] The Mississippi lawsuits that Plaintiffs' counsel has amended in an attempt to avoid a finding of fraudulent joinder (and summary judgment) include: Brad Gatlin, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division, Civil Action Number: CV-2002-1026; Edward Morgan, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division, Civil Action Number: CV-2002-1029; Dorothy Corbin, et al. v. American General Financial Services, Inc., et al, In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-216; Stonewall v. American General Finance, Inc., et al., In the Circuit

Set forth below is a comparison of the original allegation in the Mississippi matters and the new allegation, illustrating the effort by Plaintiffs' counsel to both avoid remand and salvage these meritless lawsuits:

| **Original Allegation** | **New Allegation** |
| --- | --- |
| Contrary to law, Defendants required credit life insurance, credit disability, personal property insurance and/or other insurance in connection with their loans to Plaintiffs. These insurance products were represented by Defendants as a necessary part of the loan package, with all or some of these insurance products misrepresented by Defendants as a necessary prerequisite for the extension of the credit and receipt of the loan. (Ex. G, ¶ 10). | Contrary to law, Defendants fraudulently represented to Plaintiffs that if they purchased the credit life, credit disability and/or personal property insurance then they stood a better chance of getting approved for the loan requested. (Ex. I, ¶ 18). |

Given the above, it is clear that Plaintiffs' counsel has fashioned the new allegations in the Alabama, Tennessee, and amended Mississippi lawsuits solely to avoid a finding that plaintiffs' loan documents contradicted, and thus provided notice of, their fraud claims at the time of the loan in question, thereby triggering the statute of limitations and rendering unreasonable any reliance on the alleged misrepresentations. By this pattern of conduct, Plaintiffs' counsel has created serious doubt as to whether the Non-Diverse Defendants actually

---

Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011CV2L; Freddie Graham, et al. v. American International Group, Inc., et al., In the Circuit Court of Bolivar County, Mississippi, First Judicial District, Civil Action Number: 2002-333; Alice Brown, et al. v. American International Group, Inc., et al., In the Circuit Court of Leflore County, Mississippi, Civil Action Number: 2002-0173-CICI; Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI; Beatrice Jackson, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi; Civil Action Number: 2002-0640-CI.

As an example of the amended complaints filed in Mississippi, submitted herewith as Exhibit "I" is a true and correct copy of the amended complaint filed in the lawsuit styled Edward Morgan, et al. v. American International Group, Inc., In the Chancery Court of Jones County, Mississippi, Second Judicial District, Laurel Division, Civil Action Number: 2002-1029.

made the newly asserted misrepresentations. Defendants therefore respectfully request leave to depose Plaintiffs in order to definitively determine whether the Non-Diverse Defendants actually made the misrepresentations alleged in their complaint. Given the undeniable importance of this determination to the Court's remand analysis, Defendants' Motion for Leave to Conduct Remand-Related Discovery is due to be granted.

    **B.**  **Remand-Related Discovery is Needed to Determine Whether and When Plaintiffs Received Notice of the Alleged Misrepresentations.**

As demonstrated above, the fate of Defendants' fraudulent joinder argument depends in large part upon whether and when Plaintiffs received notice of the Non-Diverse Defendants' alleged misrepresentations. While Defendants maintain that Plaintiffs' loan documents provide the requisite notice of the alleged misrepresentations, they also contend that Plaintiffs may have already possessed knowledge at the time of their loans alerting them to the falsity of these alleged misrepresentations or that they may have subsequently received notice of said misrepresentation from a source other than their loan documents outside the statute of limitations period.

Consider, for example, the allegation that Plaintiffs were told that refinancing prior debt would help save them money. If at the time of the loans at issue, Plaintiffs possessed documents or had knowledge of the terms of the loans they was refinancing, then they would have had notice of any alleged misrepresentations regarding the financial benefits of refinancing prior loans or consolidating existing debts.[7] Accordingly, it is clear that Plaintiffs may have received notice of the Non-Diverse Defendants' alleged misrepresentations from sources other than their

---

[7] Plaintiff, like the hundreds of other individuals who have filed these meritless lawsuits, attempts to portray themselves as an unsophisticated investor incapable of discovering the alleged fraud. Discovery in other matters has consistently revealed, however, that the plaintiffs typically have much more experience with loans than they are credited with.

loan documents, sources that can be ascertained only through remand-related discovery. As such, Defendants' motion for leave to conduct such discovery is due to be granted.

      **C.**    **Remand-Related Discovery is Necessary To Determine Whether the Non-Diverse Defendants' Alleged Representations Were False.**

As demonstrated above, Plaintiffs contend that the Non-Diverse Defendants misrepresented that refinancing prior loans would save them money and that purchasing credit insurance was a "good deal." (Plaintiff's Complaint, ¶¶ 16-17). However, discovery in other like matters has frequently revealed that consolidating debt and refinancing past loans offers plaintiffs lower monthly payments at a lower interest rate. Likewise, such discovery has also shown that plaintiffs frequently have no idea whether they could have received insurance coverage under more favorable terms that those they received in connection with their loans. Thus, it is possible, that Plaintiffs did in fact save money by refinancing prior loans and that purchasing credit insurance was a "good deal" in comparison with the coverage/terms they might have received elsewhere. Only remand-related discovery will reveal such facts, and given the undeniable importance of this determination to the Court's remand analysis, Defendants' Motion for Leave to Conduct Remand-Related Discovery is due to be granted.

### III. CONCLUSION

Based on the foregoing and the remand-related discovery orders issued in <u>Mason</u>, <u>Nicholson</u>, and a litany of virtually identical Tennessee matters, Defendants' Motion for Leave to Conduct Remand-Related Discovery is due to be granted.

Respectfully submitted,

*s/ Matthew T. Mitchell*
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2006, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion for Leave to Conduct Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

*s/ Matthew T. Mitchell*
OF COUNSEL