**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **EUNICE and ROBERT McKINNES,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Civil Action No.** |
| ) | **2:06-cv-00041-MHT** |
| ) | |
| **AMERICAN INTERNATIONAL GROUP, INC;** ) | |
| **AMERICAN GENERAL CORPORATION;** ) | |
| **AMERICAN GENERAL FINANCE, INC.;** ) | |
| **AMERICAN GENERAL FINANCIAL SERVICES** ) | |
| **OF ALABAMA, INC.; AMERICAN GENERAL** ) | |
| **FINANCE CORPORATION;** ) | |
| **MERIT LIFE INSURANCE COMPANY;** ) | |
| **YOSEMITE INSURANCE COMPANY;** ) | |
| **LISA WOOD; CONNIE FARMER;** ) | |
| and Fictitious Defendants "A", ) | |
| "B", and "C", whether singular or plural, those ) | |
| other persons, corporations, firms, or other ) | |
| entities whose wrongful conduct caused ) | |
| the injuries and damages to the Plaintiff, ) | |
| all of whose true and correct names are ) | |
| unknown to Plaintiff at this time, but will ) | |
| be substituted by amendment when ascertained, ) | |
| ) | |
|     **Defendants.** ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO
REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED
DISCOVERY**

COME NOW the Plaintiffs, by and through their attorneys of record, and provides the following Opposition to Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery.

## PROCEDURAL BACKGROUND

On December 16, 2005, Plaintiffs commenced this action by filing a complaint against Defendants in the Circuit Court of Barbour County, Alabama, Clayton Division. On January 18, 2006, Defendants removed the present action to this Court on diversity and federal question jurisdiction grounds under 28 U.S.C. § 1331, 1332, and 1441. On February 13, 2006, Plaintiffs filed a Motion to Remand arguing against the existence of diversity jurisdiction. On February 20, 2006, Defendants filed a Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery, while also filing a Memorandum of Law in support of their motion.

Plaintiffs hereby, ask this Court to deny Defendants' Motion for Extension of Time, just as this Court and other courts have done in identical cases.[1]

## INTRODUCTION

Plaintiffs instituted this action in the Circuit Court of Barbour County, Alabama, Clayton Division, against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., American General Finance Corporation, Merit Life Insurance

---

[1] See Bernice Poole-Reese v. American International Group, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D.Ala. February 14, 2006)(Exhibit "A"); James Poole v. American International Group, Inc., et al., Civil Action No. 3:05cv749-MHT (M.D.Ala. February 14, 2006)(Exhibit "B"); Tony and Dorothy Turner v. American International Group, Inc., et al., Civil Action No. 3:05cv753-MHT (M.D.Ala. February 15, 2006)(Exhibit "C"); Mary Cope v. American International Group, Inc., et al., Civil Action No. 3:05cv751-WHA (M.D.Ala. February 9, 2006)(Exhibit "G"); Stephanie Mayberry v. American International Group, Inc., et al., Civil Action No. 3:05cv773-WHA (M.D.Ala. February 9, 2006)(Exhibit "H"); Willie Lee Poole v. American International Group, Inc., et al., Civil Action No. 2:05cv774-MEF (M.D.Ala. February 9, 2006)(Exhibit "D"); Joe T. Smith v. American International Group, Inc., et al., Civil Action No. 2:05cv1065-MEF (M.D.Ala. February 9, 2006)(Exhibit "E"); George Mason v. American International Group, Inc., et al., Civil Action No. 3:05cv752-MEF (M.D.Ala. February 9, 2006)(Granted in part, denied in part)(Exhibit "F"); Edward Waller v. American International Group, Inc., et al., Civil Action No. 2:05cv453-D (S.D.Ala. October 4, 2005)(Exhibit "I"); and Steve and Nancy Robinson v. American International Group, Inc., et al., Civil Action No. 2:05cv452-D (S.D.Ala. October 4, 2005)(Exhibit "J").

Company, Yosemite Insurance Company, Lisa Wood and Connie Farmer. Plaintiffs could not have originally filed this action in federal court because Plaintiffs are Alabama residents and have alleged that Defendants Lisa Wood and Connie Farmer (collectively "resident Defendants") are also residents of the State of Alabama. Additionally, Plaintiffs disclaimed all federal claims and their claims do not involve a substantial and disputed federal issue.

Plaintiffs allege that Lisa Wood and Connie Farmer are the individuals responsible for making the false representations to them that are at issue in this action. Those representations include, but are not limited to, whether the purchase of credit insurance affected their credit score/rating and increased their chances of getting approved for the loan they requested and/or the reasonableness of the financial advice they received from the Defendants. The Plaintiffs allege that they reasonably and detrimentally relied on the material representations and omissions of the non-diverse Defendants. Furthermore, Plaintiffs allege that the fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for their safety and rights. Therefore, diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

Plaintiffs' claims do not require proof of violation or an interpretation of federal law. Plaintiffs' claims are simply garden-variety fraud claims and may not be recast and rewritten by Defendants to state a claim under TILA or Regulation Z. As the master of their complaint, Plaintiffs have chosen to rely exclusively on state law claims. Plaintiffs have explicitly repudiated any claim they may have under federal law. (See Complaint ¶

3

14). Plaintiffs' complaint alleged that Defendants misrepresented and/or suppressed material facts relating to the loans at issue. This is a state law claim for fraudulent misrepresentation and suppression, which does not involve a substantial and disputed federal issue.

In their Notice of Removal, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiffs and Defendants Lisa Wood and Connie Farmer are Alabama residents. Defendants assert that Plaintiffs fraudulently added the Alabama resident Defendants in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. Next, Defendants contend that removal was proper under 28 U.S.C. § 1331 because Plaintiffs' state law causes of action necessarily involve a substantial and disputed federal issue. Plaintiffs opposed this removal by way of their Motion to Remand, respectfully submitting that the removal was improper and this case is due to be remanded to the Circuit Court of Barbour County, Alabama, Clayton Division.

In viewing all of the aforementioned facts in a light most favorable to Plaintiffs, it cannot be said that they have not stated a viable state law claim for fraudulent misrepresentation and fraudulent concealment against the non-diverse Defendants. Additionally, Plaintiffs' claims do not involve a substantial and disputed federal issue. As such, Defendants have failed to meet their burden of establishing federal jurisdiction. Defendants' request for remand-related discovery is essentially an acknowledgment of the fact that they cannot meet their burden.

**ARGUMENT**

The standard of the Eleventh Circuit in reviewing a motion to remand states that subject matter jurisdiction is judged by the face of Plaintiffs' Complaint at the time of the filing of the removal petition. In re Carter, 618 F.2d 1093, 1101 (11th Cir. 1983). Where an action is removed to federal court, the removing defendant has the burden of establishing the existence of federal jurisdiction." See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The Defendants in the case at hand have failed to establish the existence of federal jurisdiction; instead, they are asking this Court to allow them to conduct discovery in an attempt to prove that the case does belong in federal court. Basically, the Defendants are asking this Court to adopt a horrific standard of discovery practice by allowing them to go on a fishing expedition in hopes that they may stumble across the unspecified evidence needed to establish the existence of federal jurisdiction. The requested remand-related discovery is merely a delay tactic that would unnecessarily burden federal courts and plaintiffs.

Based on the observations of other federal judges and the past experience of counsel, this Court can be leery of the inevitable consequences of upholding the relief requested by Defendants. Over the past four years, counsel for Plaintiffs has been involved in similar cases in Mississippi in which these Defendants and their counsel incorporated remand-related discovery as part of their defense strategy. The Mississippi federal courts initial willingness to allow remand-related discovery grossly encouraged other defendants to remove all types of actions in which they were unable to meet their burden at the time of removal. As hundreds of cases were removed, thousands of

interrogatories, requests for production, requests for admissions and depositions were taken. This placed an enormous burden on federal courts and considerable expense and delay to the parties.

The removal statutes allow a defendant who can meet its burden of proof to remove a case. The statutes do not allow them to "remove now" and "ask questions later." That approach is contrary to the spirit and the letter of removal jurisprudence. Removal statutes are always to be construed narrowly, and the Defendants' "right to remove and plaintiff's right to choose as a forum are not on equal footing." Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). The presumption supporting remand is vital and "necessary because if a federal court reaches the merits of a pending motion in a removed case where the subject matter of jurisdiction may be lacking it deprives a state court of its rights under the Constitution to resolve controversies in its own courts." University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Similarly, the statutory presumption against removal logically extends to any request for remand-related discovery. The Defendants should not be allowed to essentially concede that they cannot meet their burden and then have the Court further entangle itself in an extensive discovery request so that they can "fish" for evidence to help them meet their burden.

First, as a statutory requirement, the Defendants must make in their Notice "an affirmative showing… of all the requisite factors of diversity jurisdiction, including the amount in controversy, **at the time removal is attempted**." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253 (5th Cir. 1961). Next, a defendant has a very high burden in establishing fraudulent joinder – it must present evidence that "compels the

6

conclusion that the joinder is without right and made in bad faith...". Everett v. MTD Prods., Inc., 947 F. Supp. 441, 445 (N.D. Ala. 1996). The burden is a heavy one because if a **possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident Defendants, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440; (citing Parks, 308 F.2d at 477-78). In the case at hand, Defendants have failed to establish the existence of federal jurisdiction, but instead request remand-related discovery.

This Court recently remanded three identical matters based on the common defense doctrine and denied Defendants' request to conduct remand related discovery. Bernice Poole-Reese v. American International Group, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D.Ala. February 14, 2006)(attached as Exhibit "A"); James Poole v. American International Group, Inc., et al., Civil Action No. 3:05cv749-MHT (M.D.Ala. February 14, 2006) (attached as Exhibit "B"); and Tony and Dorothy Turner v. American International Group, Inc., et al., Civil Action No. 3:05cv753-MHT (M.D.Ala. February 15, 2006)(attached as Exhibit "C"). In all three cases this Court stated "that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found (internal citations omitted)." This Court found in all three matters "that the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule" and that further discovery would go to "the merits of the entire case rather that to fraudulent joinder," and therefore is "inappropriate." Id.

Judge Fuller of the United States District Court for the Middle District of Alabama also remanded two identical matters and held that "the limited discovery

Defendants seek is unwarranted." Willie Lee Poole v. American International Group, Inc., et al., Civil Action No. 2:05cv774-MEF (M.D.Ala. February 9, 2006) (attached as Exhibit "D"); Joe T. Smith v. American International Group, Inc., et al., Civil Action No. 2:05cv1065-MEF (M.D.Ala. February 9, 2006)(attached as Exhibit "E"). In one case, Judge Fuller ordered that plaintiff produce the loan documents at issue since Defendants contended they were unable to locate any documents proving that the plaintiff had a loan with Defendants. George Mason v. American International Group, Inc., et al., Civil Action No. 3:05cv752-MEF (M.D.Ala. February 9, 2006)(Granted in part, denied in part)(attached as Exhibit "F"). In Mason however, Judge Fuller stated that "to the extent Defendants are seeking additional discovery by any other means other than what the Court has specifically permitted above" is denied. Id. at 3.

Additionally, Judge Albritton of the United States District Court for the Middle District of Alabama also recently remanded two identical matters holding that there is no ground for fraudulent joinder while simultaneously denying Defendants' Motion to Conduct Remand Related Discovery. Mary Cope v. American International Group, Inc., et al., Civil Action No. 3:05cv751-WHA (M.D.Ala. February 9, 2006) (attached as Exhibit "G"); Stephanie Mayberry v. American International Group, Inc., et al., Civil Action No. 3:05cv773-WHA (M.D.Ala. February 9, 2006) (attached as Exhibit "H"). Also in two identical matters recently decided, Edward Waller v. American General Finance, Inc., et al., Civil Action No. 2:05-cv-453-D (S.D.Ala. October 4, 2005)(attached as Exhibit "I"), and Steve and Nancy Robinson v. American General Finance, Inc., et al., Civil Action No. 2:05-cv-452-D (S.D.Ala. October 4, 2005)(attached as Exhibit "J"), the Honorable Chief Judge Callie V. S. Granade of the United States District Court for the

8

Southern District of Alabama recently denied these very same Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery.  Plaintiffs respectfully ask this Court to consider these rulings as persuasive authority and for this Court to enter a similar Order to prevent further delay in this case.

In addressing the issue of whether to grant a request for of additional time to conduct remand-related discovery, Judge William H. Steele of the United States District Court for the Southern District of Alabama in <u>Thomas H. Rayborn and Evon S. Rayborn v. Principal Equity Mortgage, Inc., et al.</u>, Civil Action No. 03-0575-WS-C (S.D.Ala. October 15, 2003)(attached to Index of Exhibits as Exhibit "K"), strenuously warned against the consequences and its precedential value for future actions.  In denying the request for remand-related discovery, Judge Steele's insights and explanation of what "troubled" the Court, actually mirrors Plaintiffs' counsel's experience in the State of Mississippi.  Judge Steele opined that:

> "At a somewhat higher plane of abstraction, the Court is troubled by the potential consequences of granting HomEq the relief [additional time to conduct remand-related discovery] it seeks here.  To do so would effectively encourage state court defendants to remove actions in which they cannot presently meet their burden as to the amount in controversy.  Once in federal court, such defendants could seek discovery under the auspices of and subject to the rigorous procedural requirements of federal court. … .  Even if such efforts failed and the case were remanded, the defendant would be the beneficiary of discovery and strategic advantages."

<u>Id.</u> at p. 6-7.

If Defendants are allowed to take depositions and propound discovery to each Plaintiff at the removal stage, then this matter will significantly delay the cases, as well as take up this Court's valuable time and resources.  Presumably, since we are only at the

9

removal stage, Defendants will ask the Court to read all of the depositions and review all of the interrogatories, request for production and request for admissions they have propounded on this issue. As such, it can easily be seen where this procedure will significantly delay each case and inundate the Court with materials that it otherwise would not have to review.

In the real world, this case is just one of many for which each counsel is responsible. As such, moving this case tends to be more a function of scheduling and availability of getting all of this work done in an otherwise restricted time period. Under a typical scheduling order, the parties would have a little more breathing room in completing the requested discovery. In a footnote, Judge Steele also recognized that this "remand-related" discovery phase is never as easy or as convenient as a defendant portrays. In speaking from obvious experience and wisdom, he stated that:

> "HomEq's representation that the necessary discovery could be completed in 60 days appears optimistic, at best. Discovery of even the simplest of factual issues often takes considerably longer that one might expect, thanks to delays in securing information, documents, and witnesses, disputes over discovery, and the like. And the damages issues raised by HomEq here may not be the simplest of issues. A far more likely scenario that the clean, no-hassle 60-day period of discovery suggested by HomEq is that the initial discovery period would drag on in this Court for several months, perhaps with judicial policing of discovery disputes, at considerable expense to the parties, all to allow HomEq to seek out a post-hoc evidentiary basis for its decision to remove this case to federal court.

Id. at p. 6. The result that Judge Steele described is the exact same experience that Plaintiffs' counsel has had with this "remand-related" procedure in the past. As such, Plaintiffs' counsel respectfully requests that this Court not go down this path of protracted, expensive and duplicative litigation.

Judge Steele's strong and well-reasoned opinion was not limited to the effect that this type of procedure would have on the Court's docket, he properly argued that this type of request actually flew in the face of established procedure. He added that:

> "In this Court's view, such a scenario is not an appropriate use of the removal procedure authorized by 28 U.S.C. § 1441. The removal statutes allow a defendant who can meet his burden of proof to remove a case. Yet HomEq would have this Court place the cart before the horse, allowing a defendant to remove a case even if it has no present reasonable basis for meeting its burden of proof, then be granted a discovery period in federal court to ferret out evidence as to whether its burden is achievable. This 'remove now, ask questions later' approach is contrary to the spirit, if not the letter, of removal jurisdiction. … . The Court cannot adopt such a holding in this case."
>
> "Indeed, Congress sanctioned such an approach by providing that if an action is not immediately removable based on the initial pleading, a defendant may still remove it 'within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,' within one year after the action is commenced." 28 U.S.C. § 1446(b).

Id. at p. 7. Here, Defendants' attempt to conduct discovery in order to ferret out evidence as to whether its burden is achievable is not appropriate.

The Defendants in this case have presented a sundry list of reasons for requesting additional time to conduct remand-related discovery. None of these reasons provide a sufficient basis for their request. Even more important, there is nothing unique in their request that is specific to the non-diverse Defendants. It appears that what Defendants are really trying to show is that Plaintiffs have no claims against any Defendant, not just the non-diverse Defendants. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants.

In <u>Marcia Pettis v. American International Group, Inc.</u>, Civil Action 4:04cv295 (N.D. Miss, December 6, 2004)(attached to Index of Exhibits as Exhibit "L"), Chief Judge Glen Davidson denied these same corporate Defendants' request for remand-related discovery, in part, because they were not unique to the non-diverse defendants. The Mississippi District Court's ruling was premised on the Fifth Circuit's *en banc* opinion in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004). In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one, or just a few Defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

<u>Id</u>. (internal citations omitted). The instant action presents essentially the same issue. Therefore, since a claim of fraudulent joinder is improper, a request for remand-related discovery to prove fraudulent joinder is equally improper. As such, Plaintiffs respectfully request that Defendants' motion be denied.

**CONCLUSION**

Defendants have failed to meet their burden of proving that the existence of federal jurisdiction. Defendants were unable to meet their burden at the time of removal as required, and now seek discovery in order to meet their burden. As such, Defendants' request for an extension of time to conduct remand-related discovery is due to be denied.

WHEREFORE, Plaintiffs respectfully urge this Honorable Court to deny Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery.


/s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiffs


**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 24th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                      /s/ Charles Lance Gould
                      OF COUNSEL

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Thomas Julian Butler
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

David Alan Elliott
Matthew Thomas Mitchell
Robert Howard Rutherford
Burr & Forman LLP
420 North Twentieth Street
Suite 3100
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5631