IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
BERNICE POOLE-REESE,              )
                                  )
     Plaintiff,                   )
                                  )    CIVIL ACTION NO.
     v.                           )     3:05cv750-MHT
                                  )         (WO)
AMERICAN INTERNATIONAL            )
GROUP, INC., et al.,              )
                                  )
     Defendants.                  )
```

ORDER

Plaintiff Bernice Poole-Reese initially filed this lawsuit in state court charging defendants with state-law claims for fraud, misrepresentations, concealment, negligent and wanton hiring, training, and supervision, and breach of fiduciary duty, all in connection with several loans she took out. Poole-Reese has named several 'corporate defendants': American International Group, Inc., American General Corporation, American General Finance Inc., Merit Life Insurance Company, and Yosemite Life Insurance Company; she has also named several


EXHIBIT A

'individual defendants': Lamar Harris, Kathie Rowell, and Amanda Walls.

Pursuant to 28 U.S.C. § 1441, the corporate defendants removed this lawsuit from state to federal court, asserting diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.

This matter is now before the court on Poole-Reese's motion to remand and the corporate and individual defendants' motion for extension of time to conduct remand-related discovery. Poole-Reese's motion will be granted and the corporate and individual defendants' motion denied.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A federal court may hear a case only if it is authorized to do so by federal law. Kokkonen, 511 U.S. at 377. The party seeking removal has the burden of

2

establishing it. Burns, 31 F.3d at 1095. The removal statute must be strictly construed because it raises significant federalism concerns. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court. Burns, 31 F.3d at 1095.

## II. BACKGROUND

In her state-court complaint, Poole-Reese alleged the following: In 1998, she entered into several loans with the corporate defendants. As inducements to take out the loans, the individual defendants told her that refinancing and consolidating her existing debt into a single loan with the corporate defendants would save her money. The individual defendants also advised her to obtain credit insurance; they explained that the insurance was a good deal because it offered great value and protection, it would improve her credit score and rating, and it would increase her chances of loan approval. According to the state-court complaint, the individual defendants, as well

3

as the corporate defendants, knew that the representations were false. Poole-Reese, however, did not discover the falseness of the representations until within two years of filing her lawsuit.

### III. JURISDICTION

The court agrees with Poole-Reese that there is no diversity-of-citizenship jurisdiction here to support removal.

A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different States. 28 U.S.C. § 1332(a). When an action is filed in state court, but the amount in controversy is sufficient and there is complete diversity, federal law gives the defendant the right to remove the action to federal court. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).

Complete diversity is lacking where any party on one side of the suit is from the same state as any party on

4

the other side. <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806). Because Poole-Reese, as plaintiff, and Harris, Rowell, and Walls, as defendants, are all citizens of Alabama, complete diversity of citizenship does not exist--unless Harris, Rowell, and Walls are improper defendants.

The corporate defendants contend that Harris, Rowell, and Walls were fraudulently joined to defeat diversity jurisdiction.[1] If these defendants were fraudulently joined, their citizenship is not considered for the purpose of determining diversity jurisdiction. A removing party who alleges fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant

---

1. The corporate defendants also argue that Poole-Reese concedes that Harris is fraudulently joined by not addressing Harris's joinder in her motion to remand. The court need not reach this argument at this time because so long as Poole-Reese's claims stand against Rowell or Walls, diversity-of-citizenship jurisdiction is still lacking and this case is due to be remanded.

5

into state court." Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (citations omitted).

Here, the corporate defendants argue only the first type of fraudulent joinder. They assert that there is no possibility that Poole-Reese can establish a cause of action against the non-diverse defendants because: (1) the claims are time-barred; (2) the claims fail as a matter of law; (3) the non-diverse defendants were not properly served; and (4) some or all of the non-diverse defendants were not involved in the loan transactions.

The burden of establishing fraudulent joinder "is a heavy one"; if the plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheo de Perez, 139 F.3d at 1380. A district court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor". Id. The corporate defendants have not met this heavy burden.

6

As Poole-Reese aptly notes, all of the corporate defendants reasons for asserting that there is no possibility of recovery for the claims against the non-diverse individuals also arguably compel a lack of recovery against the diverse corporations.[2] Poole-Reese's sole claim against the corporate defendants is for negligent and wanton hiring, training and supervision, which requires the finding of underlying tortious conduct by an employee before the employer can be held liable. See Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824 (Ala. 1999) (citing Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993)); Nash v. Segars, 682 So. 2d 1364 (Ala. Civ. App. 1996). Accordingly, the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants.

While the Eleventh Circuit has not reached this issue, other circuits, relying on Chesapeake & O.R. Co. v.

---

2. The court says "arguably" because the corporate defendants have not argued otherwise in this case.

7

Cockrell, 232 U.S. 146 (1914), have applied a "common defense rule" to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. See e.g., Boyer v. Snap-On Tools Corp., 913 F.2d 108 (3rd Cir. 1990), cert. denied, 498 U.S. 1085 (1991); Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568 (5th Cir. 2004) (en banc), cert. denied, 125 U.S. 1825 (2005). Additionally, this court has found the same in Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1154-55 (M.D. Ala. 1999) (Thompson, J.); see also In re New England Mut. Life Ins. Co. Sales Practices Litig., 324 F.Supp.2d 288 (D. Mass. 2004) (Keeton, J.)

These courts reason that common defenses are actually attacks on the merits of the entire case since they undermine the claims against the diverse and non-diverse defendants alike.  Where the "the improper joinder allegation[] directed at the [non-diverse] employees 'manifestly [goes] to the merits of the action as an entirety, and not to the joinder,'" there is no fraudulent

8

joinder, Smallwood, 385 F.3d at 575 (quoting Chesapeake, 232 U.S. at 153; rather, "'it indicate[s] that the plaintiff's case [is] ill founded as to all the defendants.'" Id. A court should avoid the "risk of moving ... beyond jurisdiction and into a resolution of the merits." Id. at 574. Therefore, because the common defenses are not unique to the non-diverse defendants, they indicate nothing in particular about the specific reason the non-diverse individuals were joined. Wright, 74 F. Supp. 2d at 1155.

Mindful of its duty to resolve not only factual but legal uncertainties in favor of remand, Pacheo de Perez, 139 F.3d at 1380, the court finds that the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule.

## IV. DISCOVERY

The corporate and individual defendants seek an extension of time to conduct remand-related discovery.

9

Because this discovery would essentially go the merits of the entire case rather than to fraudulent joinder, it is, for the reasons given above, inappropriate.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defendants American International Group, Inc., American General Corporation, American General Finance Inc., Merit Life Insurance Company, Yosemite Life Insurance Company, Lamar Harris, Kathie Rowell, and Amanda Walls's motion for extension of time to conduct remand-related discovery (Doc. No. 19) is denied.

(2) Plaintiff Bernice Poole-Reese's motion to remand (Doc. No. 16) is granted and, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

It is further ORDERED that defendants American International Group, Inc., American General Corporation, American General Finance Inc., Merit Life Insurance Company, Yosemite Life Insurance Company, Kathie Rowell,

Lamar Harris, and Amanda Walls's motion to stay (Doc. No. 29) is denied.

It is further ORDERED that all other motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 14th day of February, 2006.

                                        /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE