IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCIA PETTIS; et al.                                                    PLAINTIFFS

vs.                                                                No. 4:04CV295-D-B

AMERICAN INTERNATIONAL
GROUP, INC.; et al.                                                      DEFENDANTS

ORDER DENYING MOTION FOR EXTENSION OF TIME

Presently before the court is the Defendants' motion for an extension of time to conduct

remand-related discovery and respond to the Plaintiffs' pending motion to remand. Upon due

consideration, the court finds that the motion should be denied; the Defendants' response to the

Plaintiffs' motion shall be due on or before December 23, 2004.

The Plaintiffs in this action, which was removed to this court from the Circuit Court of

Washington County, have filed a motion to remand. Rule 7.2(D) of the Uniform Local Rules

provides that parties are granted ten days to respond to motions filed by the opposing party, but that

extensions of time may be granted. In seeking to extend this deadline, the Defendants assert that the

Plaintiffs have fraudulently joined at least one in-state defendant, and that they require additional

time to respond in order to complete discovery relating to issues raised in the motion to remand.

In Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004), the United States

Court of Appeals for the Fifth Circuit reiterated that the test for fraudulent joinder is "whether the

defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state

defendant, which stated differently means that there is no reasonable basis for the district court to

predict that the plaintiff might be able to recover against an in-state defendant." Regarding the

procedure for district courts to utilize in determining whether a "reasonable basis" for recovery exists



EXHIBIT
L

in state court, the Fifth Circuit stated:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the
> allegations of the complaint to determine whether the complaint states a claim under
> state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule
> 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully
> few in number, in which a plaintiff has stated a claim, but has misstated or omitted
> discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood, 385 F.3d at 573.  The court went on to hold that only in the rare case where the

pleadings must be pierced should remand related discovery be allowed, stating that:

> [A] summary inquiry is appropriate only to identify the presence of discrete and
> *undisputed* facts that would preclude plaintiff's recovery against the in-state
> defendant. In this inquiry the motive or purpose of the joinder of in-state defendants
> is not relevant. We emphasize that any piercing of the pleadings should not entail
> substantial hearings. Discovery by the parties should not be allowed except on a tight
> judicial tether, sharply tailored to the question at hand, and only after a showing of
> its necessity. Attempting to proceed beyond this summary process carries a heavy
> risk of moving the court beyond jurisdiction and into a resolution of the merits, as
> distinguished from an analysis of the court's diversity jurisdiction by a simple and
> quick exposure of the chances of the claim against the in-state defendant alleged to
> be improperly joined. Indeed, the inability to make the requisite decision in a
> summary manner itself points to an inability of the removing party to carry its
> burden.

Id. at 574 (emphasis added).

After having reviewed the complaint and other pleadings in this matter, the court cannot

conclude that this is one of the rare cases where the plaintiffs would survive a Rule 12(b)(6)-type

inquiry only for it then to become necessary for the court to pierce the pleadings because the

pleadings do not contain sufficient information to determine whether joinder was, in fact, proper.

Thus, the court finds that the Defendants have not shown the necessity of remand-related discovery

in this cause.

THEREFORE, it is hereby ORDERED that the Defendants' motion for an extension of time

2

(docket entry 8) is DENIED; the Defendants shall file their response to the Plaintiffs' motion to remand by December 23, 2004.

SO ORDERED, this the 6th day of December 2004.

/s/ GlenH. Davidson
Chief Judge

3